503 A.2d 8

**James GARDNER, Appellant,**

**v.**

**Kenneth CLARK & Ann Clark, Appellees.**

Superior Court of Pennsylvania.

Argued Sept. 10, 1985.

Filed Jan. 3, 1986.

Jerome M. Feinberg, Philadelphia, for appellant.
Alan M. White, Philadelphia, for appellees.

Before WIEAND, CERCONE and ROBERTS, JJ.

WIEAND, Judge:

The issue in this appeal is whether a court may award reasonable counsel fees where homeowners, represented by

Community Legal Services, Inc., have prevailed in protracted proceedings to enforce a confessed judgment against their residential real estate. The trial court held that counsel fees were recoverable and made an award of $1,830.00. We affirm.

In June, 1966, Public Acceptance Corporation confessed judgment against Kenneth and Ann Clark for the unpaid balance of an automobile loan. In 1971, the judgment was assigned to Phillip Palmer, a straw party for Dennis Weismer and Stephen Greenstein, trading as Commonwealth Mortgage Company. The judgment was revived in 1971, 1976 and 1979. On December 6, 1979, a writ of execution was issued on the judgment; and on January 7, 1980, the residence of Kenneth and Ann Clark at 2952 Stillman Street, Philadelphia, was sold by the sheriff to James Gardner. He, too, was a straw party for Dennis Weismer and Stephen Greenstein, trading as Commonwealth Mortgage Company.

After the sheriff's sale, the Clarks remained in possession of their home. On July 3, 1980, Gardner commenced an action against the Clarks to quiet title to the Stillman Street property. The Clarks defended the action by using the services of Community Legal Services, Inc. They contended that the execution had been void because it had been based upon a confessed judgment, without an original action as required by Section 407(a) of the Act of January 30, 1974, P.L. 13, No. 6, 41 P.S. § 407(a).[1] Before the action

1. This section provides as follows:

> As to any residential real property, a plaintiff shall not have the right to levy, execute or garnish on the basis of any judgment or decree on confession, whether by amicable action or otherwise, or on a note, bond or other instrument in writing confessing judgment until plaintiff, utilizing such procedures as may be provided in the Pennsylvania Rules of Civil Procedure, files an appropriate action and proceeds to judgment or decree against defendant as in any original action. The judgment by confession shall be changed as may be appropriate by a judgment, order or decree entered by the court in the action. After the above mentioned original action has been prosecuted and a judgment obtained, that judgment shall merge with the confessed judgment and the confessed judgment shall be conformed as to amount and execution shall be had on the

had proceeded to trial, Gardner voluntarily discontinued the action. He contended that the discontinuance had been prompted by a settlement which he was able to effect with his title insurance company. The Clarks argued that the discontinuance had been compelled by the merits of their defense. In any event, it appears that the residential real estate was conveyed to Gardner's title insurance company, which, in turn, returned the title to the Clarks.

The Clarks next filed a petition requesting the court to award counsel fees. They contended that the recovery of reasonable counsel fees had been authorized by Sections 407(b) and 503 of the Act of 1974.[2] Section 407(b) provides as follows:

"Any debtor who prevails in any action to remove, suspend or enforce a judgment entered by confession shall be entitled to recover reasonable attorney's fees and costs as determined by the court."

Similarly, section 503 provides:

### § 503. Reasonable attorney's fees recoverable

(a) If a borrower or debtor, including but not limited to a residential mortgage debtor, prevails in an action arising under this act, he shall recover the aggregate amount of costs and expenses determined by the court to have been reasonably incurred on his behalf in connection with the prosecution of such action, together with a reasonable amount for attorney's fee.

(b) The award of attorney's fees shall be in an amount sufficient to compensate attorneys representing debtors in actions arising under this act as provided in subsection (a) of this section. In determining the amount of the fee, the court may consider:

confessed judgment. The parties to the action shall have the same rights as parties to other original proceedings. Nothing in this act shall prohibit a residential mortgage lender from proceeding by action in mortgage foreclosure in lieu of judgment by confession if the residential mortgage lender so desires.

2. 41 P.S. §§ 407(b), 503.

(1) The time and labor required, the novelty and difficulty of the questions involved and the skill requisite properly to conduct the case.

(2) The customary charges of the members of the bar for similar services.

(3) The amount involved in the controversy and the benefits resulting to the client or clients from the services.

(4) The contingency or the certainty of the compensation.

(c) Any time attorneys' fees are awarded pursuant to any provision of this act, a borrower or debtor shall not be entitled to duplicate recovery of attorneys' fees under this section, sections 407 or 504 or any other provision of this act.

■  As a general rule, each party must pay his or her own counsel fees unless a statute provides otherwise. *McDevitt v. Terminal Warehouse Company*, 346 Pa.Super. 186, 190, 499 A.2d 374, 376 (1985); *Hankin v. Hankin*, 338 Pa.Super. 442, 457, 487 A.2d 1363, 1371 (1985); *Estate of Wanamaker*, 314 Pa.Super. 177, 179, 460 A.2d 824, 825 (1983). By section 407(b) of the Act of 1974, the legislature has authorized the recovery of counsel fees by "[a]ny debtor who prevails in any action to *remove, suspend* or *enforce* a judgment entered by confession." (emphasis added). Section 503(a) provides for the recovery of reasonable counsel fees if a debtor "prevails in an action arising under [the Act of 1974]."

■  It is correct, as appellant argues, that his action to quiet title was one step removed from the execution proceedings commenced to enforce the confessed judgment. It is also true that the action to quiet title was terminated by a discontinuance and not by an adverse decision of a court. In view of the fact that Gardner was a straw party for the judgment creditor's assignee, however, it is readily apparent that the action to quiet title was part of a continuing effort to enforce a confessed judgment against appellees' residence. It is also apparent that appellees' defense in the

action to quiet title was merely an assertion of rights guaranteed by the Act of 1974. Finally, it seems clear that appellees have successfully resisted appellant's attempt to enforce the judgment against their residence. The statute does not require that there be an adverse, judicial decision in order to support an award of counsel fees. To hold otherwise would compel either the submission of each case to a full trial for the purpose of effectuating the fee provision or the loss to the debtor of the full measure of protection afforded by the legislature. See: *Poussard v. Commercial Credit Plan*, 479 A.2d 881, 883 (Me.1984). We hold, therefore, that a party prevails if he or she succeeds in obtaining substantially the relief sought. Cf. *Hensley v. Eckerhardt*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). In this proceeding to enforce the judgment against appellees' residence, it was appellees who were the "prevailing" parties.

Appellant also contends that appellees have not "prevailed" because the underlying judgment continues to be a valid obligation owed by appellees. He would thereby add a condition to a court's ability to award counsel fees which the legislature did not prescribe. Irrespective of future attempts to collect this judgment, appellant's present attempt to enforce it against appellees' residence has been successfully resisted by appellees. By whatever means appellant seeks to disguise his attempt to enforce the judgment against the residence at 2952 Stillman Street, one fact remains clear. Appellees have prevailed. This is not changed by the lingering possibility that appellant may at some time in the future collect the judgment by other means.

■ Finally, the legislature has not made an award of reasonable counsel fees contingent upon an obligation to pay counsel fees by the prevailing party. Thus, it is not a bar to an award of counsel fees that the prevailing party in this case was represented by Community Legal Services, Inc., which charged appellees no fee. See: *Manning v. Princeton Consumer Discount Co., Inc.*, 533 F.2d 102, 106

(3rd Cir.1976), *cert. denied,* 429 U.S. 865, 97 S.Ct. 173, 50 L.Ed.2d 144 (1976), *reh. denied,* 429 U.S. 933, 97 S.Ct. 342, 50 L.Ed. 303 (1976); *Sellers v. Wollman,* 510 F.2d 119, 123 (5th Cir.1975); *Johnson v. 2nd National Fund Corp.,* 515 F.Supp. 1380 (E.D.Pa.1981).

Order affirmed.

CERCONE, J., did not participate in the consideration or decision of this appeal.