577 A.2d 1341

Truman D. BECKETT, Jr.

v.

Barbara Ann LAUX.

**Appeal of Wayne N. LAUX, Terre Tenant, Successor Owner of Real Estate Owned by Defendant, Barbara Ann Laux.**

Superior Court of Pennsylvania.

Argued Nov. 16, 1989.

Filed June 4, 1990.

Fred J. Lagattuta, Pittsburgh, for appellee.

Before CIRILLO, President Judge, and WIEAND and HOFFMAN, JJ.

CIRILLO, President Judge:

Wayne N. Laux ("Laux") appeals from an order entered in the Allegheny County Court of Common Pleas on April 6, 1989, which denied his motion to stay execution, set aside a writ of execution, and award attorney's fees and costs.

Barbara Laux ("Mrs. Laux") and Laux were divorced in 1979. Their principal marital asset was the house they owned which was conveyed to Mrs. Laux subject to her agreement to pay Laux $20,000. During Mrs. Laux's ownership, she borrowed $10,000 from Truman P. Beckett ("Beckett"). The terms of this loan were incorporated into a judgment note. Beckett confessed judgment on the note against Mrs. Laux on October 2, 1985. Mrs. Laux then conveyed her interest in the home to Laux on January 14, 1987. After this conveyance to Laux, Beckett's attorney notified Laux of Beckett's lien.[1] Prior to Beckett's notification, Laux maintains he was unaware of Beckett's lien. A meeting was then held in Beckett's office at which time Beckett assured Laux that he would not enforce the lien against the property and would look to Mrs. Laux for satisfaction of the $10,000 obligation. Relying upon these representations, Laux made improvements on the property.

On May 17, 1988, and again on January 12, 1989, Beckett caused to be issued a writ of execution against the property. A sale was scheduled on April 3, 1989 in Pittsburgh. Laux filed a motion to stay the sale, set aside the writ and award attorney's fees. An order staying the sale was issued until proceedings could be held addressing Laux's contentions. A hearing was held and an order was entered denying Laux's motions on April 6, 1989. This timely appeal followed.

Laux raises two issues on appeal:

(1) Did the trial court err as a matter of law in failing to require [Beckett] to observe the provisions of the Loan Interest and Protection Law (41 P.S. § 101) [*et seq.*]?

(2) Did the trial court err as a matter of law in deciding that appellant [Laux] did not have standing to file a Motion to Stay Execution, Set Aside Writ of Execution and Award Attorney's Fees pursuant to the provisions of

---

1. It is unclear how Beckett was notified that Laux had obtained ownership of the property, however, it is clear that Beckett was aware of Laux's ownership.

the Loan Interest and Protection Law (41 P.S. § 101 *et seq.*)?

Laux contends that when Beckett confessed judgment on the note it effected a lien upon the property he now owns making it a residential mortgage and entitling him to the protections of the Loan Interest and Protection Law ("Act 6"). Specifically, Laux maintains that Beckett's execution was improper under the provisions of section 407 of Act 6 which prohibits execution against residential real property on a confessed judgment until plaintiff has brought an appropriate action under the Rules of Civil Procedure. *See* 41 P.S. § 407.

Beckett, on the other hand, states that the instant transaction is not a residential mortgage, and therefore, Laux is not entitled to the protections of Act 6. Moreover, Beckett claims, Laux lacks standing to contest his execution since Laux was not a party to the original loan transaction.

Act 6 is essentially a comprehensive interest and usury law with numerous functions. *Anderson Contracting Co. v. Daugherty*, 274 Pa.Super. 13, 17, 417 A.2d 1227, 1229 (1979). Chief among those functions is that it offers homeowners with "residential mortgages" a measure of protection from overly zealous "residential mortgage lenders." *Continental Bank v. Rapp*, 336 Pa.Super. 160, 169, 485 A.2d 480, 485 (1984). Contrary to the instant parties' assertions, however, Act 6 does not deal exclusively with residential mortgages. *See First National Bank of Allentown v. Koneski*, 392 Pa.Super. 533, 573 A.2d 591 (1990); *In re Jackson*, 92 B.R. 987 (Bkrtcy.E.D.Pa.1988). However, the existence of a residential mortgage is, to a certain extent, a triggering mechanism which brings into play many of Act 6's provisions. *McDowell National Bank of Sharon v. Stupka*, 310 Pa.Super. 143, 150, 456 A.2d 540, 544 (1983). Here, Laux seeks to invoke certain of the protections contained in Act 6 which, by their terms, govern proceedings relating to residential mortgages.

Consequently, our initial task, utilizing Act 6's definitional section as our guide, is to determine whether confessing

judgment on a judgment note brings the note within the range of transactions which Act 6 contemplated in its use of the term, "residential mortgage." If the instant transaction falls within Act 6's definition of a residential mortgage, we must then discern whether Beckett falls within the definition of a residential mortgage lender, and whether Laux, as a successor record owner of the property which is subject to the mortgage, qualifies as a residential mortgage debtor.

Based upon the analysis that follows we find that Act 6 intended to protect, as a residential mortgage, Beckett's confession of judgment on the note. Consequently, Beckett, the residential mortgage lender, may proceed against Laux, the residential mortgage debtor, only in accordance with the procedures set forth in the relevant sections of Act 6. Namely, since Beckett had confessed judgment on the note he could not file a writ of execution against the residential real property until he commenced an appropriate action under the Pennsylvania Rules of Civil Procedure.

■ A residential mortgage is defined in section 101 of Act 6 as:

[A]n obligation to pay a sum of money in an original bona fide principal amount of fifty thousand dollars ($50,000) or less, evidenced by a security document and secured by a lien upon real property located within this Commonwealth containing two or fewer residential units or on which two or fewer residential units are to be constructed and shall include such an obligation on a residential condominium unit.

41 P.S. § 101. Therefore, if a transaction is to qualify as a residential mortgage four elements must be present:

(1) an obligation to pay an original bona fide principal amount of $50,000 or less, (2) evidenced by a "security document," (3) secured by a lien upon real property in Pennsylvania, and (4) containing two or fewer residential units or on which two or fewer residential units are to be constructed.

*Anderson Contracting Co.,* 274 Pa.Super. at 18, 417 A.2d at 1229. Here, since the original obligation was $10,000, and there is only one residential unit involved, only elements two and three are at issue.

A security document is defined as, "a mortgage, deed of trust, real estate sales contract, or other document creating upon recordation a lien upon real estate." 41 P.S. § 101. Beckett maintains that since a judgment note cannot be recorded it cannot be a security document, and therefore it cannot be a residential mortgage. However, section 601 of Act 6 permits the Secretary of Banking to "prescribe regulations to carry out the purposes of this [A]ct." 41 P.S. § 601. Pursuant to this authority, the State Banking Department has promulgated several regulations to clarify various provisions of Act 6. The Department of Banking has ruled that the term "security document" shall include:

(ii) any document containing a confession of judgment which, when confessed, effects a lien upon real estate.

10 Pa.Code § 7.2.

■ Since the original judgment note contained a confession of judgment clause, Beckett's confession of judgment effected a lien upon the property, thus making it a security document for purposes of Act 6 pursuant to the Banking Department's regulation. Lastly, when the confession of judgment was recorded in the Allegheny County Prothonotary's Office it created, upon such recordation, a lien upon real estate. 41 P.S. § 101. Accordingly, the requirements that the obligation be evidenced by a security document and be secured by a lien upon real property are fulfilled. Further, the requirements that a lien upon property be a "residential mortgage" within the provisions of Act 6 need not be met with absolute precision and are fulfilled as long as a party has a right to proceed against a certain piece of property to enforce an obligation. *Anderson Contracting Co.,* 274 Pa.Super. at 19, 417 A.2d at 1281 (1979).[2] We find

2. In *Anderson Contracting Co.,* this court relied upon the Banking Department's other definition of a "security document" as dispositive

that when the judgment note was confessed and recorded, it became a residential mortgage under Act 6 since Beckett could proceed against the property to enforce his obligation.

In light of our above discussion, we conclude that Beckett is a residential mortgage lender for purposes of Act 6. A residential mortgage lender is defined as, "any person who lends money or extends or grants credit and obtains a residential mortgage to assure payment of the debt ..." 41 P.S. § 101. Beckett originally loaned Mrs. Laux $10,-000.00, the terms of which were incorporated into a judgment note containing a confession of judgment clause. Subsequently, when Beckett confessed judgment on the note he obtained a residential mortgage to assure payment of the original obligation. Therefore, Beckett is a residential mortgage lender under Act 6.

A residential mortgage debtor for purposes of Act 6 is defined as:

a non-corporate borrower who is obligated to a residential mortgage lender to repay in whole or in part a residential mortgage, and a *successor record owner* of the property, if any, who gives notice thereof to the residential mortgage lender.

41 P.S. § 101 (emphasis added). Laux was not obligated to repay the original loan given to Mrs. Laux by Beckett, however, he may qualify as a residential mortgage debtor since he is a successor record owner. Beckett maintains that Laux could not be a residential mortgage debtor under

of the issue that the installment land contract in that case qualified as a "security document" for the purposes of Act 6:

*Security document*—The term, for purposes of the act is deemed to include the following:

(i) An installment land contract, or lease purchase agreement. It shall also include any similar document, if it is a lease of real property where the lessee pays or agrees to pay as compensation for use a sum substantially equivalent to or in excess of the aggregate value of the real property involved and it is agreed that the lessee will become, or for no other (or nominal) consideration has the option to become, the owner of the real property upon full compliance.

10 Pa.Code § 7.2; *Anderson Contracting Co.,* 274 Pa.Super. at 19, 417 A.2d at 1230.

Act 6 because he did not give Beckett notice of his ownership. However, since Act 6 contains no provisions as to the required form or method of providing notice and it is undisputed that Beckett was aware Laux had obtained ownership of the property, we conclude that notice, sufficient to satisfy Act 6, was achieved. It is well settled that "[p]roof that brings home knowledge of a fact to a person, if he will but use his senses and reasoning faculties, is in a great variety of cases held to be sufficient to affect him with notice." *Russeck v. Shapiro*, 170 Pa.Super. 89, 91, 84 A.2d 514, 515 (1951) (quoting *Butts v. Cruttenden*, 14 Pa.Super. 449, 456 (1900)). Therefore, it is axiomatic that one who has actual knowledge of a fact is on notice of that fact. Thus, Laux as a successor record owner is a residential mortgage debtor under Act 6.

■ Having concluded that the confession of judgment became a residential mortgage under Act 6 we shift our focus to the specific protections to which Laux, as a residential mortgage debtor, was entitled.

Section 407 of Act 6 concerns confession of judgments and provides that until one initiates an appropriate action and proceeds to judgment under the Pennsylvania Rules of Civil Procedure he shall not have the right to levy, execute or garnish any judgment on confession. 41 P.S. § 407(a).[3]

3. Section 407(a) of Act 6 provides:

As to any residential real property, a plaintiff shall not have the right to levy, execute or garnish on the basis of any judgment or decree on confession, whether by amicable action or otherwise, or on a note, bond or other instrument in writing confessing judgment until plaintiff, utilizing such procedures as may be provided in the Pennsylvania Rules of Civil Procedure, files an appropriate action and proceeds to judgment or decree against defendant as in any original action. The judgment by confession shall be changed as may be appropriate by a judgment, order or decree entered by the court in the action. After the above mentioned original action has been prosecuted and a judgment obtained, that judgment shall merge with the confessed judgment and the confessed judgment shall be conformed as to amount and execution shall be had on the confessed judgment. The parties to the action shall have the same rights as parties to other original proceedings. Nothing in this act shall prohibit a residential mortgage lender from proceeding by

This appropriate action shall be commenced by filing a complaint with the prothonotary. Pa.R.C.P. 2983. Pennsylvania Rule of Civil Procedure 2984 provides that the complaint shall include:

(1) the names of the parties to the confessed judgment which is the subject matter of the action and the court term and number, and the date and amount thereof;

(2) a copy of the notice required by the Act and the date it was sent;

(3) an itemization of the amount claimed to be due;

(4) a demand for the judgment required by the Act. Pa.R.C.P. 2984. *See General Electric Credit Corp. v. Slawek*, 269 Pa.Super. 171, 178–179, 409 A.2d 420, 423 (1979).

It is clear that the legislative purpose underlying this specific portion of Act 6 is to insulate residential real estate owners "from execution upon their property pursuant to arbitrary and capricious actions of creditors by confession of judgment." *Drum v. Leta*, 354 Pa.Super. 448, 452, 512 A.2d 36, 38 (1986).

This court has held that a successor owner may resort to the protections of Pennsylvania Rule of Civil Procedure 3121 [4] to attack any writ of execution of judgment where there is an effort to enforce a lien which is subject to Act 6.

action in mortgage foreclosure in lieu of judgment by confession if the residential mortgage lender so desire.
41 P.S. § 407(a).

4. Pa.R.C.P. 3121 provides:
**Rule 3121. Stay of Execution. Setting Aside Execution.**
(a) Execution shall be stayed as to all or any part of the property of the defendant
(1) upon written direction of the plaintiff to the sheriff;
(2) upon the entry of bond with the prothonotary, by any person or party in interest, with security approved by the prothonotary, in the amount of plaintiff's judgment, including probable interest and costs, or in such lesser amount as the court may direct, naming the Commonwealth of Pennsylvania as obligee, and conditioned to pay the amount due within ninety (90) days of the entry of bond, unless the time for payment be further extended by the court;
(3) pending disposition of a property claim filed by a third party;

If the terre-tenant or real owner of the mortgaged real estate has no interest in the judgment entered in personam against the obligor of the bond, how does he protect himself against the mortgagee's attempt to enforce the judgment against the mortgaged real estate which he owns? The answer, of course, lies in the Rules of Civil Procedure which govern the enforcement of judgments. Pa.R.C.P. 3129 provides that no writ of execution to sell real estate shall issue upon a judgment without written notice to the owner or reputed owner of the real estate.[5] ... Pa.R.C.P. 3121, moreover, contains the procedure by which a writ and/or levy can be set aside whether "(1) for a defect therein; (2) upon a showing of exemption or immunity of property from execution; or (3) upon any other legal or equitable ground therefor." This remedy

> (4) upon a showing of exemption or immunity of property from execution;
> (5) upon a showing of a right to a stay under the provisions of an Act of Congress or any Act of Assembly.
> (b) Execution may be stayed by the court as to all or any part of the property of the defendant upon its own motion or application of any party in interest showing
> (1) a defect in the writ, levy or service; or
> (2) any other legal or equitable ground therefor.
> (c) In an order staying execution the court may impose such terms and conditions or limit the stay to such reasonable time as it may deem appropriate.
> (d) The court may on application of any party in interest set aside the writ, service or levy
> (1) for a defect therein;
> (2) upon a showing of exemption or immunity of property from execution, or
> (3) upon any other legal or equitable ground therefor.
> (e) All objections by the defendant shall be raised at one time.
> (f) After the termination of a stay, sale may be had without reissuance of the writ.
> Pa.R.C.P. 3121 (notes omitted).

**5.** Pa.R.C.P. 3129 has been rescinded, and replaced by three new rules: Pa.R.C.P. 3129.1, 3129.2, 3129.3. However, the three new rules serve primarily the same purpose as the old rule: no sale of real property upon a writ of execution shall be held until the plaintiff has filed with the sheriff the affidavit required by Pa.R.C.P. 3129.1(b), and given written notice to the owner or reputed owner. *See* Pa.R.C.P. 3129.1 and 3129.2. Consequently, the rationale set forth in *G/N Enterprises, supra,* is not vitiated by the rescission and replacement of Pa.R.C.P. 3129.

is peculiarly appropriate where, as in the instant case, the owner of the mortgaged real estate has no defense to the principal obligation secured by the mortgage and challenges only appellee's present right to enforce the mortgage against the real estate.

*Bank of Pennsylvania v. G/N Enterprise, Inc.,* 316 Pa.Super. 367, 372–373, 463 A.2d 4, 7 (1983) (citations omitted). Likewise, since Laux is the current real owner of the property and only contests Beckett's present right to enforce the mortgage against the property, he pursued the appropriate remedy under Pennsylvania Rule of Civil Procedure 3121 to set aside the writ of execution.

■ Laux argues, and we agree, that enforcing the confession of judgment against the property without complying with the provisions of Act 6 has denied him, (1) the right to receive notice pursuant to section 403 of Act 6, and (2) the right to be heard on his substantive defenses to enforcement of the writ of execution in accordance with section 407 of Act 6.[6]

According to section 407(a) of Act 6, Beckett did not have the right to file a writ of execution against the property until he commenced an appropriate action under the Pennsylvania Rules of Civil Procedure and proceeded to a judgment or decree as in any original action. 41 P.S. § 407(a). Pursuant to Pennsylvania Rules of Civil Procedure 2981(b) and 2983, "[a] section 407(a) original action is governed by the assumpsit rules of civil procedure and is commenced by the filing of a complaint." *RCK, Inc. v. Katz,* 331 Pa.Super. 163, 169, 480 A.2d 295, 298 (1984). Although Act 6 does not require that notice be given to the debtor prior to confessing judgment, notice under section 403 of Act 6 must be sent to the debtor prior to the initiation of the original action under section 407. *General Electric Credit Corp.,* 269 Pa.Super. 171 at 179, 409 A.2d at 424; *see also* Pa.R.C.P. 2984(2). Thus, section 403 notice is a "post-con-

6. Laux contends that he has meritorious defenses to enforcement of the writ of execution. We will not address the merits of Laux's assertions since they could be dealt with in a section 407(a) original action.

fession/pre-execution notice." *Slawek*, 269 Pa.Super at 179 n. 6, 409 A.2d at 424 n. 6. Here, since Laux was not the original debtor in this transaction, he would not be an original party defendant in the 407(a) action. 8 Goodrich Amram § 2983:2. However, because we have determined that Laux, as a successor record owner, is a residential mortgage debtor, he is entitled to notice of the 407(a) action. 8 Goodrich Amram 2d § 2983:2; *see also* 41 P.S. §§ 101, 403.

This original action furthers the legislative purpose of allowing debtors an opportunity to assert any and all potential claims and defenses. *RCK, Inc.*, 331 Pa.Super. at 169, 480 A.2d at 298. Therefore, section 407(a) protects a debtor's residential property from abrupt foreclosures by requiring that prior to executing against a property, creditors must obtain two judgments: first, a confessed judgment and second, a judgment in an original action under section 407(a). *Id.*, 331 Pa.Superior Ct. at 166, 480 A.2d at 296. Here, since Beckett did not obtain the second judgment as required under section 407(a), he should not have been allowed to execute against the property.

 In general, the law does not favor confession of judgment provisions. *Drum*, 354 Pa.Super. at 452, 512 A.2d at 38. Moreover, "[b]ecause a warrant of attorney authorizing confession of judgment can be an oppressive weapon, a judgment entered pursuant thereto can be accomplished only by strict adherence to the provisions of the warrant of attorney." *Langman v. Metropolitan Acceptance Corp.*, 318 Pa.Super. 381, 384, 465 A.2d 5, 7 (1983) (citations omitted). Due to the potential for oppression inherent in a confession of judgment clause, we would be remiss to permit Beckett to execute against Laux's property without compelling him to adhere to the strict procedural requirements of section 407(a).

In sum, Beckett, having previously confessed judgment, was required to: (1) send notice of the appropriate action to Laux pursuant to section 403 of Act 6, and (2) commence an original action and proceed to judgment in compliance with

section 407(a) of Act 6, prior to executing against the property. *See* Pa.R.C.P. 2981–2986. Beckett's compliance with Act 6's provisions would have afforded Laux the right to receive notice, and the right to argue his claims and defenses in an original action. 41 P.S. §§ 403, 407.

■ Because Laux, being the successor record owner of the property, falls within the definition of a residential mortgage debtor pursuant to section 101 of Act 6, he has standing under Act 6 to contest Beckett's writ of execution. Moreover, in *Wm. Penn Park, Inc. v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975), which the trial court relied upon to conclude that Laux lacked standing, our supreme court held that, "a person who is not adversely affected in any way by the matter he seeks to challenge is not 'aggrieved' thereby and has no standing to obtain a judicial resolution of his challenge." *Wm. Penn Park, Inc.,* 464 Pa. at 192, 346 A.2d at 280. Clearly, Laux, a successor owner of real estate, would be adversely affected by a party attempting to satisfy a $10,000.00 obligation by filing a writ of execution against the property he now owns.

■ Since we have determined that Laux has prevailed in this action he is entitled to recover costs in accordance with section 503 of Act 6. Section 503 provides:

§ 503. **Reasonable attorney's fees recoverable**

(a) If a borrower or debtor, including but not limited to a residential mortgage debtor, prevails in an action under this act, he shall recover the aggregate amount of costs and expenses determined by the court to have been reasonably incurred on his behalf in connection with the prosecution of such action, together with a reasonable amount for attorney's fee.

(b) The award of attorney's fees shall be in an amount sufficient to compensate attorneys representing debtors in actions arising under this act as provided in subsection (a) of this section. In determining the amount of the fee, the court may consider:

(1) The time and labor required, the novelty and difficulty of the questions involved and the skill requisite properly to conduct the case.

(2) The customary charges of the members of the bar for similar services.

(3) The amount involved in the controversy and the benefits resulting to the client or clients from the services.

(4) The contingency or the certainty of the compensation.

(c) Any time attorneys' fees are awarded pursuant to any provision of this act, a borrower or debtor shall not be entitled to duplicate recovery of attorneys' fees under this section, sections 407 or 504 or any other provision of this act.

41 P.S. § 503.

Although the confession of judgment is still valid, Laux has effectively resisted Beckett's current attempt to enforce that judgment against Laux's property, and consequently, he has prevailed in this action. We have held that "a party prevails if he or she succeeds in obtaining substantially the relief sought." *Gardner v. Clark*, 349 Pa.Super. 297, 302, 503 A.2d 8, 10 (1986). In *Gardner*, this court upheld a trial court's award of counsel fees where the appellees successfully thwarted the appellant's attempt to enforce a confessed judgment against their residential real estate. *Id.* Similarly, Laux is a prevailing party since he has achieved the same success as the debtor in *Gardner*. Thus, he is entitled to recover the reasonable costs and attorney's fees connected with this action. 41 P.S. § 503.

The order of the trial court lifting the stay of execution and denying the motions to set aside the writ of execution, award attorneys' fees and costs is reversed. The case is remanded for a hearing to determine the appellant's reasonable attorney's fees and costs incurred in connection with this action.