**Continental Bank v. Simons**

*Glen S. Gitomer,* for plaintiff.

*Howard Gershman,* for defendants Alan Simons and Annette Simons.

*Daniel B. Pierson V,* for defendants Joseph Rosen and Lillian Rosen.

LOWE, *J.,* June 6, 1990 — These cases are on appeal before the Superior Court of Pennsylvania from orders entered by the undersigned on (1) March 20, 1990 consolidating plaintiff Continental Bank's separate actions against defendants Alan and Annette Simons and defendants Joseph and Lillian Rosen and striking plaintiff's writs of execution as violative of Act 6 of 1974, 41 P.S. §407(a) as amended; (2) March 27, 1990 awarding defendants Alan and Annette Simons attorney fees as mandated and provided for in 41 P.S. §§407(b) and 503; (3) April 2, 1990 awarding defendants Joseph and Lillian Rosen attorney fees under the same legislated provisions.

A brief summary of the facts of this case is as follows. Defendants, relative to business ventures, executed surety agreements and mortgages with plaintiff granting plaintiff a security interest in the defendants' residences. These executed documents contained confession of judgment clauses.

Payments on the agreements were not forthcoming. Therefore, on January 23, 1986 plaintiff caused to enter a confession of judgment in Montgomery County against defendants.

On January 8, 1990 plaintiff filed writs of execution against defendants causing defendants' residences to be scheduled for sheriff's sale in March 1990.

Believing plaintiff's actions pursuant to the writs of execution to be a violation of 41 P.S. §407(a), as amended, defendants petitioned this court for a stay of execution and a stay and/or striking of the writs.

A stay of execution was granted and argument on striking was scheduled March 13, 1990.

After argument and upon consideration of the briefs of counsel and the law cited therein, this court entered the orders complained of striking plaintiff's writs and awarding attorney fees.

Plaintiff has filed two sets of concise statements of matters complained of on appeal which are identical in content and directed to each husband and wife party-defendant. The cases were consolidated without opposition by plaintiff. Therefore, the concise statements have been consolidated for purposes of this opinion.

Plaintiff alleges:

"[T]he court erred as a matter of law in holding that section 407(a) of Act 6, 41 P.S. §407(a), precluded a judgment creditor from issuing a writ of execution to list defendants' residential property for sheriff sale pursuant to a confessed judgment on an obligation, which was in the original principal amount of well in excess of $50,000 and, therefore, not a 'residential mortgage' obligation as defined by Act 6, 41 P.S. §101 ... [b]ecause the 'triggering mechanism' of Act 6 of the existence of a 'residential mortgage' obligation was not present in this action, the court improperly extended the protection of Act 6, 41 P.S. §101 et seq., to an obligation which was not within its purview."

Plaintiff's allegation ignores the fact that the General Assembly of the Commonwealth of Pennsylvania by amendment deleted the term "residential mortgage" from 41 P.S. §407(a) and inserted the term "residential real property" in its place. "Residential mortgages" as defined in 41 P.S. §101 are limited to mortgages of $50,000 or less. "Residential real property" as defined in 41 P.S. §101 contains no such monetary restriction and instead applies to "real property located within this

commonwealth containing not more than two residential units or on which not more than two residential units are to be constructed and includes a residential condominium unit." This court can fathom no other reason for amending the language of this subsection of the entire act other than to extend to all non-corporate residential mortgagors the protections afforded in 41 P.S. §407(a) requiring creditors to proceed by original action before executing upon residential real property. The correctness of this conclusion is advanced in the opinion of the Honorable David A. Scholl, *In re Jackson,* 92 B.R. 987, 997 (Bankruptcy, E.D. Pa. 1988) and the opinion of the Honorable Michael V. Franciosa, *Lafayette Trust Bank v. JAJ Corporation,* 17 D.&C. 3d 256, 260, 261 (1980).

In its brief filed with this court plaintiff cites *McDowell National Bank of Sharon v. Stupka,* 310 Pa. Super. 143, 456 A.2d 540 (1983); *General Electric Corp. v. Slawek,* 269 Pa. Super. 171, 177 n.5, 409 A.2d 420, 422-3 n.5 (1979); and President Judge Cirillo's slip opinion in *Beckett v. Laux,* (Pa. Super. 1990, opinion later withdrawn by the court) in support of its position. Plaintiff's reliance on these cases is misplaced.

In *McDowell* it was not established that the subject five parcels of property were the residences of the appellees and therefore the parcels were outside the scope of 41 P.S. §407(a).

The court in *Slawek* relied upon the pre-amended language of 407(a) in its decision because the initial action and order appealed from were years in advance of the legislated amendment. Furthermore, and contrary to plaintiff's allegation in its brief, this court does not read the *Slawek* opinion as "anticipating" future decisions of the Superior Court.

In *Beckett* Judge Cirillo determined that a note for $10,000 was transformed into a residential mort-

gage by effect of confessing judgment on the note secured by residential property owned by the defendant. Clearly the amount of the note falls within the definition of "residential mortgage" — $50,000 or less — and is not analogous to the facts at bar.

Had defendants filed their petitions previous to the amending of 41 P.S. §407(a) this court would have dismissed the petitions and permitted plaintiff to proceed with the execution and sheriff's sale. However, defendants' petitions were filed 12 years after amendment and their residences fall within the purview and protections of present day 41 P.S. §407(a) by virtue of legislative enactment which now requires plaintiff to proceed by original action before executing upon defendants' residential real property. Granting the petitions was warranted.

Plaintiff also alleges the court erred by awarding attorney fees payable to defendants' counsel rather than to defendants themselves. Defendants in this action have prevailed in resisting plaintiff's attempt to proceed by writ of execution against defendants' residential real property. In accord with *Gardner v. Clark,* 349 Pa. Super. 297, 503 A.2d 8 (1986) and *Beckett, supra,* defendants are entitled to an award of attorney fees as mandated in 41 P.S. §407(b) and provided for in 41 P.S. §503 and plaintiff is without standing to challenge defendants' demand of payment to their attorneys. Plaintiff would apparently argue that any award provided to defendants should be offset against the underlying judgment. However, as in *Gardner* and *Beckett,* the prevailing party is entitled to the award of attorney fees *regardless* of the validity of the underlying judgment. For in fact it is *plaintiff* that failed to follow the legislated procedure of 41 P.S. §407(a). Therefore the General Assembly has determined that defendants such as the Simonses and Rosens should not be required to incur compounded costs of defending themselves

and their residential real property because of plaintiff's failure to follow procedure.

Based upon the reasoning of this opinion the orders of this court entered March 20, 27, and April 2, 1990 should be affirmed.