SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.
OPINION
JUSTICE DONOHUE
The Loan Interest and Protection Law, commonly referred to as "Act 6," is a consumer protection statute for residential mortgage debtors that provides an "extensive program designed to avoid mortgage foreclosures." Bennett v. Seave , 520 Pa. 431, 554 A.2d 886, 891 (1989) (plurality); see also Benner v. Bank of America, N.A. , 917 F.Supp.2d 338, 357 (E.D.Pa. 2013). In its section 403(a), Act 6 requires a residential mortgage lender to provide at least thirty days' notice of its intent to foreclose on a residential mortgage to the homeowner, and in section 503(a) it provides for an award of attorneys' fees for any residential mortgage debtor who "prevails in an action arising under this act." 41 P.S. §§ 403(a), 503(a). In this appeal, Appellant Rodger Lindsay ("Lindsay"), a debtor who, in response to a mortgage foreclosure complaint filed by Appellee Bayview Loan *309 Servicing, LLC ("Bayview"), asserted as an affirmative defense in new matter Bayview's failure to provide him with the required thirty days' notice. We are presented with the question of whether, following Bayview's discontinuance of the case, Lindsay is entitled to recover attorneys' fees arising from the assertion of his affirmative defense. We conclude that to be entitled to an award of attorneys' fees under section 503(a), the debtor must commence an "action" asserting a violation of section 403(a) and prevail. Because an affirmative defense is not an "action" for purposes of Act 6, under the facts and procedural history presented here, Lindsay is not entitled to an award of attorneys' fees.
Enacted in 1974, Act 6 regulates legal rates of interest, 41 P.S. §§ 201, 301, provides various consumer protection provisions, 41 P.S. §§ 401 - 408 ; and sets forth various remedies for the violation of its terms. 41 P.S. §§ 501 - 507. The remedial consumer protective provision at issue in this appeal is set forth in section 403(a), which requires that
[b]efore any residential mortgage lender may accelerate the maturity of any residential mortgage obligation, commence any legal action including mortgage foreclosure to recover under such obligation, or take possession of any security of the residential mortgage debtor for such residential mortgage obligation, such person shall give the residential mortgage debtor notice of such intention at least thirty days in advance as provided in this section.
41 P.S. § 403(a).[1] The remedy provision at issue here is section 503(a), which permits the recovery of reasonable attorneys' fees and other costs and expenses, as follows:
If a borrower or debtor, including but not limited to a residential mortgage debtor, prevails in an action arising under this act, he shall recover the aggregate amount of costs and expenses determined by the court to have been reasonably incurred on his behalf in connection with the prosecution of such action, together with a reasonable amount for attorney's fee.
41 P.S. § 503(a).[2]
Having set forth the relevant statutory provisions, we turn to the facts of this case. In February 2006, Lindsay and his wife purchased 2115 East Chelten Avenue in Philadelphia (the "Property"). The Property had a storefront commercial unit on the first floor and a residential unit above. To finance this purchase, the Lindsays obtained a $75,000 mortgage loan from Equity One, Inc. ("Equity One"). The mortgage note indicated that the property was an investment, that the Lindsays would not use it as a primary or secondary residence, and that the Lindsays would notify Equity One in writing of any proposed change of occupancy. On April 29, 2011, Equity One assigned the mortgage to Bayview. At some point after purchasing the Property, Lindsay[3] began using the Property as his primary residence.
*310 Mortgage payments continued until December 2012, but none were made after that date. On May 14, 2013, Bayview filed a complaint in mortgage foreclosure. In response, Lindsay filed an answer and new matter, in which he asserted, along with three other defenses,[4] that Bayview failed to provide him with pre-foreclosure notice as required by section 403(a) of Act 6. Lindsay's Answer and New Matter, 5/12/2014, at 12-14. On February 2, 2015, Bayview filed a motion for summary judgment. Following oral argument, the trial court denied Bayview's motion for summary relief based upon its finding that there were unresolved issues with regard to whether Bayview was required to provide section 403(a) notice, whether Lindsay was eligible for government programs related to mortgage repayment, and "other facts on [sic] record." Trial Court Order, 4/22/2015.
One week later, Bayview discontinued the mortgage foreclosure action without prejudice. Lindsay then filed a motion for attorneys' fees under section 503(a), asserting that he was the prevailing party in Bayview's foreclosure action. Supplemental Brief in Support of Motion for Award of Statutory Attorney's Fees and Costs, 6/29/2015, at 1. In support of his motion, Lindsay cited to Gardner v. Clark , 349 Pa.Super. 297, 503 A.2d 8 (1986), a case in which the Superior Court held that a debtor asserting defenses under Act 6 was entitled to attorneys' fees after the creditor discontinued the action. Id. at 10. According to the Superior Court in Gardner , the debtor was a "prevailing party" because he had "successfully resisted appellant's attempt to enforce the judgment against their residence." Id. The intermediate appellate court further held that it did not matter, for purposes of entitlement to attorneys' fees under Act 6, that the case had not ended in an adverse judgment against the appellant or that the debt remained valid and collectable in a future action. Id. Instead, all that mattered was that the debtor had succeeded "in obtaining substantially the relief sought." Id.
The trial court disagreed with Lindsay, concluding that Gardner had no applicability in the present circumstances because it involved an award of attorneys' fees in a case involving an attempt to enforce a confessed judgment. Trial Court Opinion, 12/9/2015, at 3. Pursuant to section 407 of Act 6, before levying, executing or garnishing on a confessed judgment with respect to residential real estate, the creditor must first file an action against the debtor and proceed to judgment, at which time the judgment by confession and judgment in the subsequent action are merged and conformed as to amount. 41 P.S. § 407(a). In Gardner , the debtor asserted that the creditor had not filed a separate action as required by section 407(a). Gardner , 503 A.2d at 9. In the present case, the trial court found that the situation in Gardner (involving a confessed judgment) was not sufficiently "comparable to circumstances of the instant proceeding." Trial Court Opinion, 12/9/2015, at 3. The trial court instead ruled that because Bayview had discontinued its foreclosure action without prejudice to refile it, Lindsay was not a "prevailing party" for purposes of section 503(a) of Act 6.
*311 On appeal, the Superior Court affirmed. The Superior Court did not address the trial court's reasoning, but instead affirmed based on its then-recent decision on Generation Mortgage Co. v. Nguyen , 138 A.3d 646 (Pa. Super. 2016). Generation Mortgage involved facts nearly identical to the facts in the present case: the filing of a foreclosure action by the lender; the assertion of a failure to provide pre-foreclosure notice as a defense by the homeowner; the lender's subsequent discontinuance of the foreclosure action without prejudice; and the denial of the homeowner's motion for attorneys' fees pursuant to section 503. In affirming the denial of the motion for attorneys' fees in that case, the Superior Court focused on the language in section 503(a) stating that an award of attorneys' fees is available if a party prevails in an "action arising under [Act 6]." Id. at 650 (emphasis in original). The Superior Court reasoned that because mortgage foreclosure actions are governed by Rules 1141 - 1150 of the Pennsylvania Rules of Civil Procedure, foreclosure actions do not "arise under" Act 6. Id. at 651. Section 403(a), the Superior Court explained, simply requires a lender to provide notice to a homeowner that a delinquent mortgage is subject to foreclosure in the future, and is both separate from the foreclosure action and not itself a foreclosure action. Id. at 651. Instead, a violation of section 403(a) is only a defense to a foreclosure action and not "an action arising under [Act 6]." Id. (citing CitiMortgage, Inc. v. Barbezat , 131 A.3d 65, 72 (Pa. Super. 2016) ). Therefore, the Superior Court in Generation Mortgage concluded, "even if [the homeowner] has the status of a prevailing party in the foreclosure action, that does not mean she succeeded on her Act 6 defense because an Act 6 notice is separate from the foreclosure action." Id.
In the present case, the Superior Court recognized the obvious parallels between the case before it and Generation Mortgage , and found itself bound thereby. Bayview Loan Servicing LLC v. Lindsay, 2346 EDA 2015, 2016 WL 5265716 at *3 (Pa. Super. July 27, 2016) (unpublished memorandum). The Superior Court reiterated Generation Mortgage's reasoning that foreclosure actions do not "arise under" Act 6, and that while section 403(a) may be asserted as an affirmative defense to a mortgage foreclosure action, it is wholly separate from the foreclosure action. Id. at **3-4. The Superior Court concluded that because the foreclosure action against Lindsay did not "arise under" Act 6, Lindsay could not be a prevailing party as contemplated in section 503(a) for purposes of establishing an entitlement to attorneys' fees. Id. at *4. In conclusion, the Superior Court emphasized, "[t]his Court's ruling in [ Generation Mortgage ] makes clear that a mortgage foreclosure action, either residential or commercial, does not arise under Act 6. Thus, [Lindsay] cannot be a 'prevailing party' under section 503 of Act 6." Id.
This Court granted Lindsay's petition for allowance of appeal to consider whether a homeowner may be entitled to an award of attorneys' fees pursuant to section 503(a) where the lender voluntarily discontinues a mortgage foreclosure action after the homeowner raises the failure to give section 403 notice as an affirmative defense. Resolution of this question primarily requires that we interpret the relevant statutory provisions, principally the phrase "an action arising under this act" in section 503(a). Thus our standard of review is de novo and our scope of review is plenary. See, e.g. , White v. Conestoga Title Ins. Co. , 617 Pa. 498, 53 A.3d 720, 728 (2012).
*312 In support of his position, Lindsay argues that asserting a section 403(a) violation as an affirmative defense is "an action arising under [Act 6]." Lindsay's Brief at 11. He posits that after raising this defense, "The resulting litigation-disposing of the question of whether or not Bayview complied with [ section 403(a) ]-became, therefore, 'an action arising under' Act 6." Id. Despite pointing to the "resulting litigation" as the "action arising under Act 6," Lindsay urges this Court not to interpret "action" as meaning "cause of action." Citing Black's Law Dictionary, Lindsay notes that "action" is not defined as a judicial proceeding until its fourth definition. Id. He further indicates that if the General Assembly had intended to limit the definition of the term to causes of action arising under Act 6, it could have done so. Id. We cannot, Lindsay argues, ignore the General Assembly's choice to use "more permissive, broad language[.]" Id. Lindsay acknowledges that if he had raised the section 403(a) violation as a counterclaim, the counterclaim would undoubtedly qualify as an action arising under Act 6, but he explains that the case law is unclear as to whether an Act 6 violation may be raised as a counterclaim in a mortgage foreclosure action. Id. at 17-20. In contrast, Lindsay asserts that there is no question that section 403(a) may properly be raised as an affirmative defense, and so he elected to "play it safe" and thus raised the violation in that manner. Id. at 20.
Bayview responds that the assertion of an affirmative defense cannot be an "action arising under Act 6" that triggers a right to attorneys' fees under section 503(a). Bayview's Brief at 8. Mirroring the Superior Court's rationale, Bayview emphasizes that Act 6 does not provide the basis for a residential mortgage foreclosure action, and therefore, a residential mortgage foreclosure action does not "arise under" Act 6. Id. Bayview further argues that asserting an Act 6 affirmative defense that is not finally adjudicated is not an "action." Id. at 10. To the contrary, Bayview refers to the use of the term "action" in section 504 of Act 6, in which it is clear that the term refers to a civil action for damages. Id. Bayview contends that section 503(a) of Act 6 requires the filing of "an action arising under [Act 6]," and that the mere assertion of an affirmative defense of the lack of section 403(a) notice does not satisfy this requirement. Id. at 12-13, 16.
We begin our analysis mindful that when interpreting statutory language, our objective is to "ascertain and effectuate the intention of the General Assembly[,]" and that "[e]very statute shall be construed, if possible, to give effect to all of its provisions." 1 Pa.C.S. § 1921(a). This Court may not "ignore the language of a statute, nor may we deem any language to be superfluous. See, e.g., Rossi v. Com., Dep't of Transp. , 580 Pa. 238, 860 A.2d 64, 66 (2004). Governing presumptions include that the General Assembly intended the entire statute at issue to be effective and certain, and that the General Assembly did not intend an absurd result. 1 Pa.C.S. § 1922(1) - (2) ; Wayne M. Chiurazzi Law Inc. v. MRO Corp. , 626 Pa. 303, 97 A.3d 275, 292 (2014) ; see also Get Set Org. v. Phila. Fed'n of Teachers, Local No. 3 , 446 Pa. 174, 286 A.2d 633, 636 (1971) ("To give an unreasonable or absurd construction violates the fundamental rules of statutory interpretation.").
In both Generation Mortgage and the present case, the Superior Court, based upon the procedural posture of the cases and in light of the relevant statutory language ("an action arising under this act"), considered the term "act" to refer to Act 6 and the term "action" to refer to the mortgage foreclosure action in which the Act 6 affirmative defense had been asserted. So *313 interpreted, even if a residential mortgage debtor were to successfully defend a mortgage foreclosure action by proving that the required pre-foreclosure notice was not given, attorneys' fees would still not be available in accordance with section 503(a) because the foreclosure action did not "arise under [Act 6]." The Superior Court in this case suggested that remedies for the lack of an Act 6 notice are limited to "setting aside the foreclosure or denying a creditor the ability to collect an impermissible fee." Bayview , 2346 EDA 2015, 2016 WL 5265716 at *3. Relying on Generation Mortgage , and noting the general American Rule pursuant to which attorneys' fees are unavailable absent some statutory or contractual basis, the Superior Court concluded that despite section 503(a) of Act 6, "no statutory provision allows for an award of attorneys' fees to a mortgagor who successfully defends a foreclosure action; without a clause in the mortgage or note allowing for the recovery of attorneys' fees, none are available." Id.
The issue here turns on what constitutes "an action arising under [Act 6]." Lindsay insists that asserting an affirmative defense is an "action" sufficient to trigger the availability of attorneys' fees under section 503(a). Lindsay's Brief at 11. Bayview, conversely, argues that the section 403(a) notice requirement is independent from the elements of a foreclosure action and thus raising it as an affirmative defense to foreclosure does not create an "action" arising under Act 6. Bayview's Brief at 16.
We agree with Bayview that the assertion of an affirmative defense pursuant to section 403(a) in a residential foreclosure action does not constitute "an action arising under [Act 6]." Words that have a precise and settled meanings in the legal realm must be interpreted consistently therewith. Pa. Envtl. Def. Found. v. Commonwealth , 640 Pa. 55, 161 A.3d 911, 932 (2017) ; Appeal of Ryder , 365 Pa. 149, 74 A.2d 123, 124 (1950) (providing that "words having a precise and well-settled legal meaning must be interpreted" accordingly); see also 1 Pa.C.S. § 1903 ("[T]echnical words and phrases and such others as have acquired a peculiar and appropriate meaning or are defined in this part, shall be construed according to such peculiar and appropriate meaning or definition."). In context, the term "action" is a term of art with a precise and settled meaning, namely a judicial proceeding, i.e., a civil action in which the plaintiff seeks some form of relief (for example, legal damages, recoupment, set-off, equity or declaratory relief), filed in a court of competent jurisdiction in accordance with the Pennsylvania Rules of Civil Procedure. 2 Standard Pennsylvania Practice 2d § 6:1; see also Black's Law Dictionary (10th ed. 2014) (defining "action" as a "civil or criminal judicial proceeding").[5] In contrast, an affirmative defense is not an action, but rather is the statement of new facts and arguments that, if true, will defeat a plaintiff's action. 5 Standard Pennsylvania Practice 2d § 26:52.
Moreover, statutory interpretative principles also require that where the meaning of a word or phrase is clear when used in one section of a statute, it will be construed to have the same meaning in another section of the same statute.
*314 Bd. of Revision of Taxes, City of Phila. v. City of Phila. , 607 Pa. 104, 4 A.3d 610, 622 (2010) ; Commonwealth v. Maloney , 365 Pa. 1, 73 A.2d 707, 712 (1950) ("The rule is well established that a word or phrase, the meaning of which is clear when used in one section of an act, will be construed to mean the same thing in another section of the same act."). Act 6 includes several references to "actions,"[6] including in section 504, which provides a broad substantive right to anyone "affected by a violation" of Act 6 to file an "action" for damages, attorneys' fees, and other relief provided by law. 41 Pa.C.S. § 504.[7] The term "action" in this provision clearly refers to the filing of a civil action in a court of competent jurisdiction seeking one or more of the designated forms of relief. In contrast, no language in Act 6 states, or even suggests, that the assertion of an affirmative defense by a residential mortgage debtor in a civil proceeding instituted by another party (i.e., a creditor) constitutes an "action" under Act 6.
For these reasons, pleading a violation of section 403(a)'s notice requirement as an affirmative defense in a residential foreclosure action neither constitutes "an action arising under [Act 6]," nor (as Lindsay contends) transforms the foreclosure action into "an action arising under [Act 6]." In the present case, Lindsay asserted the violation of section 403(a) by affirmative defense and obtained no judicial determination that Bayview violated section 403(a)'s notice requirement. As a result, he has not established a basis for an entitlement to attorneys' fees under Act 6.
Accordingly, though we do so for reasons unrelated to those upon which the Superior Court based its decision, we affirm its order.
Chief Justice Saylor and Justices Baer, Todd, Dougherty and Wecht join the opinion.
Justice Dougherty files a concurring opinion.
Justice Mundy did not participate in the consideration or decision of this case.
CONCURRING OPINION
JUSTICE DOUGHERTY
I join the majority opinion in full, and write separately to express my view regarding when a party can be considered to have "prevailed" for purposes of fee-shifting pursuant to Section 503(a) of the Loan Interest and Protection Law (Act 6). Section 503(a) of Act 6 provides:
If a borrower or debtor, including but not limited to a residential mortgage debtor, prevails in an action arising under this act, he shall recover the aggregate amount of costs and expenses determined by the court to have been reasonably incurred on his behalf in connection with the prosecution of such action, together with a reasonable amount for attorney's fee.
41 P.S. § 503(a). While I agree with the majority opinion that an affirmative defense *315 is not an "action" for purposes of an award of attorneys' fees under Act 6, it is also important to note under the procedural posture of this case, appellant/debtor, Rodger Lindsay, should not be considered to have prevailed in order to be eligible to collect any costs, expenses or fees.
Appellee, Bayview Loan Servicing, LLC ("Bayview") commenced a mortgage foreclosure action against Lindsay, to which Lindsay filed an answer and new matter, alleging Bayview failed to provide the requisite pre-foreclosure notice required under section 403(a) of Act 6.[1] After the trial court denied Bayview's motion for summary judgment, Bayview voluntarily discontinued the mortgage foreclosure action, without prejudice. Immediately thereafter, Bayview resumed foreclosure efforts as the default on the mortgage had not been resolved. See Appellee's Brief at 5-6.
Lindsay claims because Bayview discontinued the original mortgage foreclosure action-regardless of the fact that such discontinuance was without prejudice-he "prevailed" for Section 503(a) purposes because he sought dismissal of the action, and the action was, in fact, dismissed. Appellant's Brief at 25. Lindsay submits because he "successfully defended the underlying foreclosure action" he achieved his desired result and is thus a prevailing party entitled to costs, expenses and fees. Id. at 25-26. Lindsay's argument oversimplifies the procedural posture of his case in particular and mortgage foreclosure litigation in general, and in my view, we should address his error.
I recognize a judicial determination on the merits of a case is not required in order to decide a party has prevailed. See, e.g., Solebury Twp. v. Dep't of Envtl. Prot. , 593 Pa. 146, 928 A.2d 990, 1004 (2007) (rejecting as untenable party's argument that formal judgment was required to find party prevailed); Upper Gwynedd Towamencin Mun. Auth. v. Dep't of Envtl. Prot. , 9 A.3d 255, 264 (Pa. Cmwlth. 2010) ("party need not obtain a formal final judgment or consent decree in the underlying litigation"). However, we have also observed when analyzing whether a party has "prevailed" for purposes of receiving statutory attorneys' fees, for example, there must be some analysis of whether the party seeking fees made a substantial contribution to the resolution of the matter, and has achieved some degree of success on the merits . See Solebury Twp. , 928 A.2d at 1005 (interpreting attorneys' fee provision of Clean Streams Law). Utilizing the standard articulated in Solebury , I cannot discern from the record any contribution by Lindsay to resolution of the foreclosure litigation, let alone a "substantial" one, nor has Lindsay realized success on the merits. Accordingly, Lindsay (and other debtors like him) should not be considered as having "prevailed" under Section 503(a) of Act 6.
The operative element that precludes a holding Lindsay prevailed here is the fact that the lender strategically acted to dismiss the action, without prejudice, and with the express intention of immediately reinstating its foreclosure action. It is crystal clear this strategic decision by Bayview was not "success on the merits" in *316 favor of Lindsay, as it represents the exact opposite of the relief he sought. Indeed, finding a debtor "prevailed" under these circumstances would likely have detrimental consequences for everyone involved in mortgage foreclosure proceedings. It is not unusual in such actions for a lender to voluntarily discontinue litigation for the purpose of reaching a settlement or resolution without judicial intervention. If debtors in such situations are "prevailing parties" entitled to costs, expenses and fees, there may be a chilling effect on legitimate and salutary efforts to resolve such matters outside of formal litigation, which should instead be encouraged.

The remaining subsections of section 403 provide that notice must be given in writing, where it shall be sent, the required content thereof, and an exception to section 403(a) where a homeowner has abandoned or voluntarily surrendered the subject property. See 41. P.S. § 403(b)-(d).

The remaining subsections of section 503 govern how the court shall determine the amount of the award and provide a prohibition against a duplicate recovery of fees under section 503(a) and any other section of Act 6 that provide for attorneys' fee awards, including sections 407 and 504. 41 P.S. § 503(b) -(c).

Although both Lindsay and his wife were named as defendants, only Lindsay answered the complaint. There is no indication from the certified record that Lindsay's wife participated in the present litigation.

Lindsay also raised as defenses the validity of the purported assignment of the mortgage to Bayview, a challenge to Bayview's standing to bring the foreclosure action, and an equitable defense based on Bayview's failure to comply with the federal Home Affordable Modification Program ("HAMP"). Lindsay's Answer and New Matter, 5/12/2014, at 6-16.

While it is true, as Lindsay indicates, that this definition is the fourth listed definition in Black's Law Dictionary for the word "action," it is the only listed definition with any relevance to the present issue. The first three definitions, none relevant to the interpretative task before us, are: (1) conduct or behavior, (2) a thing done, and (3) an advisory office action by a patent examiner following the rejection of a patent application. Black's Law Dictionary (10th ed. 2014).

See, e.g. , 41 P.S. § 407(a) (requiring a creditor to file an "action" and proceed to judgment or decree before levying, executing or garnishing on a confessed judgment.

The Superior Court's suggestion that the remedies for lack of an Act 6 notice are limited to "setting aside the foreclosure or denying a creditor the ability to collect an impermissible fee," Bayview , 2364 EDA 2015, 2016 WL 5265716 at *3, is incorrect given the substantive right created by section 504 of Act 6. Given Lindsay's strategic decision to raise the Act 6 violation as an affirmative defense and not as a counterclaim, we are not presented with the opportunity to determine the propriety of such a counterclaim. See page 312- supra.

Section 403(a) requires:
Before any residential mortgage lender may accelerate the maturity of any residential mortgage obligation, commence any legal action including mortgage foreclosure to recover under such obligation, or take possession of any security of the residential mortgage debtor for such residential mortgage obligation, such person shall give the residential mortgage debtor notice of such intention at least thirty days in advance as provided in this section.
41 P.S. § 403(a).