## Britton, Appellant, *v.* Continental Mining and Smelting Corporation.

Argued October 4, 1950. Before DREW, C. J. STERN, STEARNE, JONES, LADNER and CHIDSEY, JJ.

*Herbert R. Carroll*, with him *Stuart A. Culbertson*, for appellant.

*James A. Wright*, with him *Morris M. Berger* and *Maurice Parker*, for appellee.

OPINION BY MR. JUSTICE LADNER, November 20, 1950:

This is an appeal from an order of the Court of Common Pleas of Allegheny County which made absolute defendant's rule to open judgment and permitted defendant to file an answer or affidavit of defense on the condition that defendant did not assert a counterclaim against the plaintiff. The suit arose out of the lease of a power shovel to the defendant Continental Mining and Smelting Corporation on August 24, 1943. Plaintiff claimed a default in the agreement and brought suit on May 4, 1945. The Sheriff of Dauphin County served the defendant on May 24, 1945, by serving the Secretary of the Commonwealth after being deputized by the Sheriff of Alle-

gheny County. On December 17, 1945, no appearance or affidavit of defense having been filed a default judgment was entered by the plaintiff in the amount of $4,588.50.

In May, 1948, the judgment was sent to Connecticut to enforce payment. Defendant then learned about the judgment and on September 7, 1948, filed the petition to open judgment. An answer to his petition was filed, depositions were taken and the court made the rule absolute.

The lower court found that defendant did not have any notice of the suit because when it was instituted defendant had ceased doing business in Pennsylvania and had moved from its offices in the Grant Building, Pittsburgh. The lower court also found that about January, 1945, Mr. Maloney, then attorney for the plaintiff, orally advised the attorney for the defendant that he would let him know if a suit was going to be instituted against the defendant. No such notice was given. Defendant's counsel did not allege in his petition the facts of his defense but at the oral argument submitted an affidavit of defense.

In *Quaker City C. & C. Co. v. Warnock*, 347 Pa. 186, 32 A. 2d 5 (1943) at p. 190 the present Chief Justice said, "Petitions to open judgments by default are addressed to the trial court's sound discretion and are essentially equitable proceedings ruled by equitable principles: Horn v. Witherspoon, 327 Pa. 295; relief will be given where such a petition is promptly filed, the default reasonably explained or excused, and a defense shown to exist upon the merits: Pinsky v. Master, 343 Pa. 451, 452; Fuel City Mfg. Co. v. Waynesburg P. C., 268 Pa. 441."

It is also well settled that an order making absolute a rule to open a judgment entered by default and to let defendant into a defense will be reversed on appeal only where there has been a clear manifest abuse

of discretion by the court below: *Oppenheimer v. Shapiro,* 163 Pa. Superior Ct. 185, 60 A. 2d 337 (1948), and cases therein cited. Though if based on legal grounds which are untenable, that would amount to an abuse of discretion: *Fuel City Mfg. Co. v. Waynesburg Products Corp.,* 268 Pa. 441, 112 A. 145 (1920).

In this case the court based its action in part on its finding of fact that counsel for the plaintiff (appellant) had orally stated to counsel for defendant that he would let him know if suit was going to be instituted against defendant and this was not done. Counsel for appellant argued that Rule 201, Pa. R.C. P., which provides, "Agreements of attorneys relating to the business of the court shall be in writing, except such agreements at bar as are noted by the Prothonotary upon the minutes or by the stenographer on his notes" rendered the agreement invalid because not in writing. Therefore the court below erred in this respect. We have had cited to us no case which holds in an equitable proceeding such as this an oral agreement of counsel when admitted cannot be considered or enforced. In the instant case one counsel testified to the oral agreement and the other testified he had no recollection of making the agreement but would not say the conversation as related by defendant's counsel did not take place. The court below in its opinion stated it had no reason to doubt that it was made and while it did not base its decision entirely on the oral agreement of counsel, it held it should be properly considered together with the other circumstances of the case. We are not prepared to say this was error or an abuse of discretion.

Next, counsel for appellant complains that a copy of defendant's proposed affidavit of defense was not annexed to his petition to open judgment. It is of course elementary that a judgment by default will not be opened if the defendant cannot show that he

has a sufficient defense. It is better practice to annex a copy of such proposed affidavit of defense to the petition. However here it was submitted to the court below at the oral argument on the rule and concerning it the court in its opinion said, ". . . at the oral argument Defendant's counsel submitted to this Court an Affidavit of Defense which, upon examination, indicates that the matters raised therein should be passed upon by a Court and jury. Should the averments of fact set up in the Affidavit of Defense be believed they would constitute a complete defense to this suit."

We find therefore that the court below has not committed any error of law nor has the learned counsel for the plaintiff convinced us that under the facts, there has been any clear abuse of discretion. Accordingly we must affirm the judgment.

However, as the defendant, a foreign corporation, has apparently no assets within this State, the plaintiff is entitled to some protection in his right to collect his verdict if he obtains one. The opening of the judgment being entirely a matter of grace, should be further conditioned on the defendant entering security in such amount and with such surety as the court below shall direct. No doubt the court below would have so directed had it been so requested.

Accordingly, the order of the court, making absolute the rule to open judgment, is modified by imposing the further condition that the defendant be required to enter security in such amount and with such surety as the court below shall direct.

As thus modified the order is affirmed.