## Rabben v. Steinberg

*Tubis & Rabben,* for plaintiff.

*Morris Chernock,* for defendant.

BOYLE, J., February 29, 1960.—Plaintiff, an attorney at law, on August 21, 1957, instituted suit against defendant in assumpsit to recover for legal fees and for costs arising out of plaintiff's representation of defendant over a period of years. Defendant filed preliminary objections to the complaint which were sustained with leave to plaintiff to file an amended complaint. On November 21, 1957, plaintiff filed an amended complaint. Defendant again filed preliminary objections which were sustained on the ground that plaintiff's claim was barred by the statute of limitations. Plaintiff appealed to the Superior Court which, in an opinion by Ervin, J., filed on June 11,

1958, reversed the order of the Municipal Court and dismissed the preliminary objections with leave to defendant to file an affidavit of defense within 20 days after the filing of the order of the Superior Court in the court below.

The record was returned on July 23, 1958, and on July 25, 1958, defendant filed an answer to the amended complaint. Notwithstanding the opinion of the Superior Court which held that the defense of the statute of limitations was not applicable to the facts in this case and that even if applicable should be raised in new matter, defendant attempted to plead the statute of limitations directly in his answer instead of in new matter. He also attempted to plead the affirmative defense of payment directly in his answer and not in new matter. Moreover the alleged defense was pleaded in the most general terms in violation of the Rules of Civil Procedure governing pleadings.

On August 14, 1958, plaintiff filed preliminary objections to defendant's answer. On November 21, 1958, Judge DiNubile entered an order sustaining plaintiff's preliminary objections with leave to file an amended answer and new matter setting up affirmative defenses specifically to each item of plaintiff's claim. On December 11, 1958, the twentieth day after said order was entered, upon application of defendant, Judge Di-Nubile signed an order granting an extension of 10 days within which to file an amended answer. Defendant did not comply with this order, nor did he obtain a further extension and on December 23, 1958, plaintiff caused judgment to be entered against defendant for failure to file an amended answer. Defendant attempted to file an amended answer the next day but it was rejected by the prothonotary.

On January 5, 1959, defendant filed a rule to show cause why the judgment should not be stricken. This petition set forth facts not of record, to wit, that the

amended answer was not filed on time because "it took all that time to try to look for checks and dates of payment to plaintiff . . . because the said dates went as far back as 1946, 1947, 1948 and 1949." The petition also had attached to it a copy of the proposed amended answer. Plaintiff filed an answer to this petition averring that plaintiff's action was instituted on August 21, 1957, and that defendant had from that time to look for any evidence he might have in support of any alleged defense, that defendant did not have any checks and dates of payment for the reason that payment had not been made.

On January 23, 1959, the matter was continued by agreement pending the taking of depositions. On February 6, 1959, the deposition of defendant, Martin Steinberg, was taken but defendant refused to submit to cross-examination. On February 11, 1959, plaintiff filed a rule upon defendant to show cause why he should not submit to cross-examination. This rule was made absolute by Judge Piekarski on March 3, 1959. Samuel Melnick, defendant's then attorney, scheduled depositions for March 10, 1959, but on March 9, 1959, cancelled the hearing for such depositions. Mr. Melnick then withdrew from the case and defendant retained Edwin Seave, Esq. No attempt to complete the depositions was made by defendant and on June 9, 1959, plaintiff filed a rule to show cause why the petition and rule to strike off the judgment should not be discharged for want of prosecution. This rule was argued before the writer of this opinion on July 2, 1959. Defendant was then represented by a third attorney, Martin Techner, Esq. On July 17, 1959, we entered an order discharging defendant's rule since said judgment is regular upon its face.

On August 19, 1959, defendant, through a fourth attorney, M. H. Waldron, Jr., Esq., filed a petition to open judgment. The petition set forth the same rea-

sons for defendant's delay in complying with Judge DiNubile's order as were set forth in the prior petition to strike off the judgment. The petition also alleged negligence on the part of Samuel Melnick in failing to inform his client, defendant, of urgency to produce the necessary information and in allegedly abandoning the defense of the case without informing his client of his alleged intention to do so, that defendant did not know of Mr. Melnick's disbarment until June 9, 1959, when plaintiff's petition to discharge defendant's rule to strike off the judgment was served upon him. The petition incorporated by reference the same proposed amended answer as was attached to the prior petition to strike judgment.

Plaintiff filed an answer to the petition to open judgment which denied the averments in the petition, averring that defendant knew on March 9th when the depositions were canceled by Mr. Melnick that Mr. Melnick could not continue in the case and defendant consulted Edwin Seave, Esq., and that although defendant obtained other counsel he failed to comply with Judge Piekarski's order; plaintiff also set forth that the proposed amended answer was almost an exact copy of the original answer to which preliminary objections had been sustained.

Acting through M. H. Waldron, Esq., as his attorney, depositions of defendant Martin Steinberg and of Samuel Melnick were taken on September 25, 1959, and deposition of I. Irving Tubis, Esq., on behalf of plaintiff was taken on November 25, 1959. Defendant at this time was represented by still another attorney, Morris Chernock, Esq. On December 2, 1959, Mr. Chernock presented to us in chambers a petition to amend the petition to open the judgment which was filed on August 19, 1959. Since this petition to amend did not aver any substantial reasons additional to those in the original petition to open, we entered an

order on December 31, 1959, dismissing such petition, but granting both parties leave to submit briefs within 10 days with respect to the petition to open judgment. On February 3, 1960, we entered an order discharging the rule to open judgment filed August 19, 1959, and it is from this order that the present appeal is taken.

A petition to open judgment is addressed to the equitable powers of the court. In order to obtain relief the petition must be promptly filed, the default reasonably explained or excused and a defense shown to exist on the merits: Fuel City Mfg. Co. v. Waynesburg Products Corporation, 268 Pa. 441; Britton v. Continental Mining and Smelting Corporation, 366 Pa. 82; Texas and Block House Fish and Game Club v. Bonnell Run Hunting and Fishing Corporation, 388 Pa. 198; Oppenheimer v. Shapiro, 163 Pa. Superior Ct. 185. We believe that defendant's position is vulnerable in all three of these essential requirements.

The default judgment was entered on December 23, 1958. The present rule to open judgment was filed August 19, 1959. The prior rule, although it was described as a rule to strike off the judgment, was in effect a rule to open judgment. There is no doubt that the judgment was regular on its face and was entered for failure to comply with a court order that an amended answer be filed within a prescribed time. The petition set forth facts outside the record which required the taking of depositions. Defendant failed to comply with an order by Judge Piekarski entered on March 3, 1959, directing him to submit to cross-examination. As a result we entered an order on July 17, 1959, dismissing the rule to strike off the judgment. Instead of taking an appeal defendant filed this rule to open judgment setting forth in the petition the same facts as set forth in the prior petition, adding only averments concerning the alleged negligence and fault of his prior counsel, Samuel Melnick.

We believe that defendant has failed to establish an excuse for the noncompliance with the court orders in this case which resulted in the default judgment. Defendant is a real estate broker who, according to the depositions, has engaged in extensive litigation. He was fully aware of the requirement that procedural steps must be taken within the time prescribed by law. In fact, he testified that he personally requested an extension of time from I. Irving Tubis, Esq. An examination of the depositions, in the light of the averments contained in the petitions filed by defendant, reveals that his credibility is seriously open to question. He displayed an unusual failure of memory, with respect to essential details. He averred in the petition that Mr. Melnick abandoned the case in March 1959, without notifying him and that he did not know of Mr. Melnick's disbarment until June of 1959. As a matter of fact the depositions show that in March of 1959 defendant was consulting other counsel and that he had two lawyers, Mr. Seave and Mr. Techner, prior to June 1959. We have no doubt that defendant had full knowledge that he was required to submit to depositions by Judge Piekarski's order and that he failed to comply without any excuse whatsoever.

We are also convinced that defendant and not Mr. Melnick was at fault in failing to file an answer within the period of the extension of time granted by Judge DiNubile. Suit was started against him in August 1957. It is inconceivable that he could not locate essential checks and records, if they actually existed, by December of 1958. The record shows that defendant was not misled by Mr. Melnick. He has had five lawyers representing him in this matter and it is clear that he personally directed the course of the litigation. He is merely trying to take advantage of the fact that Mr. Melnick was disbarred to excuse his own failure to properly coöperate with counsel.

The proposed answer which was attached to the petition to strike off the judgment and was incorporated by reference in the petition to open the judgment is also vulnerable. The defense which raises the question of the statute of limitations has been ruled on by the Superior Court adversely to defendant.

Notwithstanding the express direction of Judge DiNubile, defendant again sets forth payment as an affirmative defense in the body of his answer, and again violates the Rules of Civil Procedure in that there is a complete lack of specific details which are required. Defendant is a business man who certainly would have the checks and other data available which would support his defense if such documents existed in fact. Depositions in support of the petition to open judgment were taken on September 25, 1959, and counter-depositions were taken on November 25, 1959, and defendant still was unable to produce such checks and records. The inference is unmistakable that they do not exist.

Ordinarily we are inclined to exercise our discretion liberally to permit a party against whom a default judgment has been entered to have his day in court. But where we are confronted by wilful and inexcusable failures to comply with two orders entered by judges of our court and where the depositions establish a complete lack of candor and truthfulness on the part of petitioner, we believe that we should not invoke our equitable powers to relieve petitioner from the consequences of his own fault.

For these reason the rule to open judgment was discharged.