399 A.2d 786

In the Interest of C. A. M., a minor.

APPEAL OF W. M. and P. M.

Superior Court of Pennsylvania.

Submitted Oct. 26, 1978.
Decided March 16, 1979.

Eric A. Rohrbaugh, Neighborhood Legal Services, New Castle, for appellants.

John W. Hodge, New Castle, for appellee C. A. M., a minor.

Charles W. Garbett, Assistant County Solicitor, Ellwood City, for appellee Child Welfare.

Before CERCONE, WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

This is an appeal from a finding of dependency made by the Juvenile Division of the Court of Common Pleas of Lawrence County. The appellants, who are the natural parents of the child, contend that the evidence was insufficient to sustain the court's finding. The child's guardian ad litem contends that a finding of dependency is interlocutory and the parents' appeal premature. We agree and quash the appeal.

In ascertaining what is a final, appealable order, we must look beyond the technical effect of the adjudication to its practical ramifications. An order is final if it "ends the litigation, . . . disposes of the entire case," or "effectively puts the litigant 'out of court.'" *T. C. R. Realty, Inc. v. Cox,* 472 Pa. 331, 337, 372 A.2d 721, 724 (1977). See also: *Feingold v. Bell of Pennsylvania,* 477 Pa. 1, 383 A.2d 791 (1977); *Bell v. Beneficial Consumer Discount Company,* 465 Pa. 225, 348 A.2d 734 (1975).

The Juvenile Act of December 6, 1972, P.L. 1464, No. 333, § 23, as amended, 11 P.S. § 50–320,[1] which was applicable when the finding of dependency was made, provided in pertinent part as follows:

"(a) After hearing the evidence on the petition the court shall make and file its findings as to whether the child is a dependent child . . . . .

. . . . .

(c) If the court finds from clear and convincing evidence that the child is dependent, the court shall proceed

1. This section was re-enacted in the Juvenile Act of July 9, 1976, P.L. 586, No. 142, § 2, as amended, 42 Pa.C.S.A. § 6341, effective June 27, 1978.

immediately or at a postponed hearing, which shall occur not later than twenty days after adjudication if the child has been removed from his home, to make a proper disposition of the case."

■ The procedure contemplated by the statute included two steps. The first step was aimed at a determination of whether the child was dependent. If this issue were decided affirmatively, a second step then became necessary to determine final disposition. That disposition could permit the child to remain with his or her parents subject to conditions, or it could transfer custody elsewhere. Juvenile Act, supra, § 24, as amended, 11 P.S. § 50–321. Until the second hearing had been held and a final disposition made, the litigation was not ended, and placement of the child had not been determined. A finding of dependency, therefore, was interlocutory.

Pennsylvania Rule of Appellate Procedure No. 311(a) permits an appeal as of right from an interlocutory order only when provided by statute or rule. Pursuant thereto, this Court in *Williams v. Williams,* 253 Pa.Super. 444, 385 A.2d 422 (1978), quashed an appeal from a trial court's finding of paternity where a final hearing had not been held to determine the amount of a support order to be entered against the child's father.

The Juvenile Act wisely does not provide for an appeal as of right from a preliminary finding of dependency. To permit an appeal from a finding of dependency prior to final disposition would have several unfortunate results. First, it would delay the final hearing and disposition at a time when delay might conceivably prejudice the best interests of the child. Secondly, it would open the door unnecessarily to two appeals instead of one in dependency proceedings.

By dismissing this appeal, the parents will not be deprived of their right to obtain review of the lower court's finding of dependency. After a final disposition has been made, the entire proceedings will be subject to review, including the sufficiency of the evidence to support the court's finding of dependency. See: *In re Sharpe,* 248 Pa.Super. 74, 374 A.2d

1323 (1977); *In the Interest of LaRue,* 244 Pa.Super. 218, 366 A.2d 1271 (1976); *In the Matter of De Savage,* 241 Pa.Super. 174, 360 A.2d 237 (1976). Until final disposition, however, an adjudication of dependency is interlocutory. It does not put the parties out of court or end the litigation. An appeal from such a finding, therefore, will not lie until final disposition has been made.

The appeal is quashed.