617 A.2d 369

**GROVE NORTH AMERICA, DIVISION OF KIDDE INDUSTRIES, INC.**

**v.**

**ARROW LIFT & CONSTRUCTION EQUIPMENT COMPANY, INC., Kenneth B. Patch, Donna K. Patch, Richard K. Wallace, Cynthia L. Wallace, Appellants.**

Superior Court of Pennsylvania.

Argued June 3, 1992.

Filed Nov. 16, 1992.

Barbara Ann B. Townsend, Chambersburg, for appellants.
James J. Bee, Philadelphia, for appellee.

Before MONTEMURO, KELLY and CERCONE, JJ.

MONTEMURO, Judge:

In this Opinion, we are called upon to determine whether the trial court acted within its discretionary powers by requiring appellants, residents of Massachusetts with no assets in this Commonwealth, to post a bond identical to the amount of appellee's confessed judgment, $202,942.68, within ten days or suffer the penalty of having their petition to open confessed judgment automatically stricken. We reverse.

The relevant facts and procedural history are as follows. On April 12, 1984, appellant, Arrow, granted to Manlift[1] a security interest in all inventory, equipment, and machinery, including proceeds sold by Manlift to appellant Arrow. Pursuant to the security agreement, appellant Arrow agreed to "fully, timely, and faithfully" pay all of its obligations as defined in the security agreement to Manlift.

Appellant Arrow further agreed to secure all obligations of appellant Arrow to Manlift as stipulated in the security agreement. (R. 21a, 26a). Moreover, appellant Arrow agreed to "venue and jurisdiction of any court in the State of Pennsylvania for any matter" arising under the security agreement; and that the security agreement was to be determined by the laws

1. Manlift, Inc., subsequently assigned all of its rights and interest in the security agreement and the conditional sale contract notes to appellee, Grove North America, Division of Kidde Industries, Inc.

of the principal place of business of Manlift, the secured party. (R. 23a, R. 25a).

On April 12, 1984, appellants Kenneth and Donna Patch and Richard and Cynthia Wallace (hereinafter the Patches and Wallaces), executed guaranty and surety agreements in order to induce Manlift to enter into the conditional sale agreements with appellant Arrow. In these agreements, appellants, the Patches and Wallaces, agreed to be "jointly, severally, directly and unconditionally liable" for the payment of present and future debts of appellant Arrow to Manlift. Moreover, they "irrevocably authorize[d] any attorney of any court of record in Pennsylvania or elsewhere to appear for and confess judgment against any [of the appellants]." (Guaranty and Security Agreement, R. 28a–32a).

On April 24, 1991, appellee confessed judgment in Franklin County Court of Common Pleas against appellants in accordance with the provisions of the security agreement and the guaranty and surety agreements. In turn, appellants filed a petition to open judgment on May 20, 1991 and requested a stay of action. On the same day, the trial court ordered that a rule be issued against appellee to show cause why the judgment should not be stricken or opened and granted appellants' request for a stay of action. That order also stayed all proceedings in this matter.

Subsequently, on July 24, 1991, appellee filed a motion to order cause for argument pursuant to Pennsylvania Rule of Civil Procedure 209. In addition, appellee also filed a motion to strike the May 20, 1991 stay or, in the alternative, to require appellants to post a bond based upon appellants' failure to take depositions within fifteen days after being so ordered.

On July 31, 1991, the trial court ordered appellants to post a bond within five days of the date of the order or their stay would be stricken. In response, appellants, on August 7, filed a motion to vacate the July 31 order. This motion was subsequently denied.

When appellants failed to post the required bond, appellee filed a motion to strike the stay. The trial court subsequently ordered the stay lifted on August 22, 1991. On August 26, 1991, appellants filed a motion for a rule to show cause why depositions should not be taken and the trial court issued a rule to show cause.

On September 16, 1991, appellee filed an answer to appellants' rule to show cause and a motion to strike appellants' petition to open confessed judgment. After appellants contacted the trial court to express their opposition to these motions, the trial court decided to intervene. A conference between counsel for all parties and the trial court was held on October 3, 1991. As a result of that conference, the trial court again directed appellants to post a bond within ten days or the confessed judgment would automatically become final. The trial court also ordered appellee to pay the cost of bond acquisition if the confessed judgment was later determined to be frivolous.

Additionally, the trial court's order precluded the appellants from initiating any discovery until the required bond was posted. This timely appeal followed.

Appellants raise the following issue for our review:

DID THE LOWER COURT ERR IN DISPOSING OF A PETITION TO OPEN A CONFESSED JUDGMENT BY A JUDGMENT DEBTOR BY STRIKING THE PETITION, BASED SOLELY UPON THE JUDGMENT DEBTOR'S FAILURE TO FILE SECURITY FOR THE PAYMENT OF THE JUDGMENT, AND PREVENTING THE JUDGMENT DEBTOR FROM PROCEEDING TO DISCOVERY PURSUANT TO Pa.R.C.P. 209, WITHOUT REGARD TO THE MERITS OF THE CASE OR WHETHER THIS ALLOWS DUE PROCESS FOR THE JUDGMENT DEBTOR?

(Appellants' Brief at 4). Before we may consider the merits of this appeal, we must determine whether the appellants have appealed from a final order.

■ Generally, an appeal will only be permitted from a final order unless otherwise permitted by statute or rule of court. *Pugar v. Greco*, 483 Pa. 68, 72–73, 394 A.2d 542, 547 (1978). An order is generally not a "final order" unless it serves to put the litigant out-of-court either by ending the litigation or disposing of the case entirely. *Bender's Floor Covering v. Gardner*, 387 Pa.Super. 531, 534, 564 A.2d 518, 520 (1989). In ascertaining what is a final appealable order, this Court must look beyond the technical effect of the adjudication to its practical ramifications. *In Interest of C.A.M.*, 264 Pa.Super. 300, 301, 399 A.2d 786, 787 (1979). An order will be found to be final when its practical effect is to terminate the litigation by prohibiting either party from proceeding with the action. *Urbano v. Meneses*, 288 Pa.Super. 103, 108, 431 A.2d 308, 310 (1981).

■ Instantly, the trial court's order directing appellants to post a bond within ten days or suffer the consequences of having their petition to open confessed judgment stricken is a self-executing order which has, upon appellants' failure to post the required bond, effectively prevented them from proceeding with this action. Accordingly, this order is a final order and is properly before us on appeal.

■ Next, we turn to the substantive issue raised by appellants in this appeal. Appellants contend that the trial court erred in directing that their petition to open confessed judgment be stricken if they failed to post the court ordered bond. Appellants argue that the trial court abused its discretion by making its consideration of their petition contingent upon the payment of a bond.

We agree, and hold that the trial court did not have the authority to require appellants to post a bond as a prerequisite to granting their petition to open a judgment by confession.

■ Rule 2959 of the Pennsylvania Rules of Civil Procedure provides in pertinent part:

(b) If the petition states prima facie grounds for relief the court shall issue a rule to show cause and may grant a stay of proceedings. After being served with a copy of the

petition the plaintiff shall file an answer on or before the return day of the day of the rule. The return day of the rule shall be fixed by the court by local rule or special order.

\*     \*     \*     \*     \*     \*

(e) The court shall dispose of the rule on petition and answer, and on any testimony, depositions, admissions and other evidence. The court for cause shown may stay proceedings on the petition insofar as it seeks to open the judgment pending disposition of the application to strike off the judgment. *If evidence is produced which in a jury trial would require the issues to be submitted to the jury the court shall open the judgment.*

Pa.R.C.P. 2959, 42 Pa.C.S.A. (emphasis added). Thus, while appellee is correct in its statement that Rule 2959 does not prohibit a trial court from requiring the posting of a bond as a prerequisite to granting a petition to open, this Rule does state that if a jury question is presented the court *shall* open the judgment. Clearly, if this language is interpreted as mandatory, then the trial court lacked the authority to ignore it and set a bond requirement. However, if the words "shall open the judgment" are construed to be merely discretionary, then the trial court acted within its authority in requiring the posting of a bond.

██   The intent of the legislature determines whether a statute's use of the term "shall" is to be deemed mandatory or discretionary. *Commonwealth v. Ferguson*, 381 Pa.Super. 23, 552 A.2d 1075 (1988); *Tyler v. King*, 344 Pa.Super. 78, 496 A.2d 16 (1985) (word "shall" although usually mandatory or imperative when used in statute may nonetheless be directory or permissive depending on the legislature's intent). When interpreting Legislative intent:

(a) The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions.

(b) When the words of a statute are clear and free from doubt all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

(c) When the words of the statute are not explicit, the intention of the General Assembly may be ascertained by considering, among other matters:

(1) The occasion and necessity for the statute.

(2) The circumstances under which it was enacted.

(3) The mischief to be remedied.

(4) The object to be attained.

(5) The former law, if any, including other statutes upon the same or similar subjects.

(6) The consequences of a particular interpretation.

(7) The contemporaneous legislative history.

(8) Legislative and administrative interpretations of such a statute.

1 Pa.C.S.A. § 1921. Furthermore, our rules of procedure, shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

Pa.R.C.P. 126, 42 Pa.C.S.A. After applying these standards, we conclude that the trial court lacked the authority to set an additional bond requirement.

The above underlined portion of Rule 2959 was added in 1973. *See* Pa.R.Civ.P. 2959, 42 Pa.C.S.A.—Historical Note (1992). The purpose of this addition was to lessen the burden of convincing a court to open a judgment by confession. Prior practice required a petitioner to appeal to the equitable power of the court. Pursuant to the amendment, a petitioner seeking to open a judgment by confession need only provide the court with evidence that a question of fact exists. As explained in Goodrich & Amram § 2959:1 (1977), this amendment provided a major change in Pennsylvania practice:

Historically, it has been the rule in Pennsylvania that the opening of a confessed judgment is a matter within the discretion of the Common Pleas Court and the appellate courts will not reverse unless there has been an abuse of

discretion. This requires the defendant to do more than produce evidence which, if believed, would constitute a defense; it places on him the burden of persuading the court to open the judgment. The 1973 amendment meets this problem by adding a new sentence to subdivision (e) of Rule 2959, stating specifically that if the defendant produces evidence which in a jury trial would require the issues to be submitted to a jury, the court *shall* open the judgment. This change in practice followed the United States Supreme Court decision in *D.H. Overmyer Co. v. Frick Co.*, 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972). In *Overmyer*, the Court held that the Ohio cognivit statute did not violate the judgment debtor's due process rights. In so holding, the Court noted that the judgment debtor was not rendered defenseless, as in Ohio the judgment court may vacate its judgment upon the showing of a valid defense. The concurring opinion contrasted the relatively easy burden of opening a confessed judgment in Ohio with the heavy burden placed on judgment a debtor in Pennsylvania. 405 U.S. at 190, 92 S.Ct. at 784 (Douglas, J., Concurring). Pennsylvania then amended its law to ease the burden of opening a confessed judgment.

The effect of the amendment is that the language "if evidence is produced which in a jury trial would require the issues to be submitted to a jury, the court *shall* open the judgment," prohibits a trial court from weighing equitable considerations in determining whether to open or strike a confession of judgment. *Christie v. Open Pantry Food Marts Inc. of Delaware Valley*, 237 Pa.Super. 243, 352 A.2d 165 (1975) (emphasis in original). Thus the purpose of the amendment was to decrease the discretion of a trial court. Reading the language, "shall open the judgment" as discretionary potentially increases the discretion of trial court. Since the purpose of the 1973 amendment to Rule 2959(e) was to limit the discretion of the trial court, "shall" should be read as mandatory.[2]

---

2. Reading Rule 2959(e) to permit a court to increase the burden of opening a confessed judgment is inconsistent with the fact that judg-

In the present case, there is no dispute that appellant demonstrated that a question of fact exists. Furthermore, there is no indication that appellants failed to act promptly. Accordingly, the court must open the judgment. Adding the bond requirement as a prerequisite is contrary to the mandatory language provided in Rule 2959, and was therefore an abuse of discretion.

Although appellee does cite cases in support of its position that imposition of the bond requirement was not an abuse of discretion, these cases are not controlling precedent. For example, in *Britton v. Continental Mining & Smelting Corp.*, 366 Pa. 82, 76 A.2d 625 (1950), the trial court allowed the defendant to open a default judgement taken by the plaintiff because the defendant did not receive notice that it had been sued. On appeal, our supreme court affirmed the trial court's determination. However, the supreme court then went on to hold, entirely on its own initiative, that because the defendant was a foreign corporation, the opening of the judgement should be conditioned upon the defendant "enter[ing] security in such amount and with such surety as the court below shall direct." *Id.* at 86, 76 A.2d at 627. Appellee argues that this holding justifies the action taken by the trial court here. However, *Britton* is readily distinguishable from the instant case.

Here, the trial court was asked to open a judgement by confession, not a default judgment. In addition, Rule 2959 now expressly states what conditions must be satisfied before a petition to open a judgment by confession may be granted. Thus, once the petitioner meets it burden under the rule, it is improper for the trial court to impose additional barriers to the grant of the petition. Accordingly, *Britton* does not control the outcome of this case.[3]

ments by confession are looked upon with disfavor by our courts. *Beckett v. Laux*, 395 Pa.Super. 563, 577 A.2d 1341 (1990).

**3.** Appellee also cites *Norristown Rug Mfg. Co. v. Mirabile*, 71 Montg. 222 (1955), and *Sterner v. Cope*, 30 North. 358 (1946), in support of its argument. However, both cases were decided before the 1973 amendment to Pa.R.Civ.P. 2959 and therefore are irrelevant to the issue before us.

Order reversed and case remanded for further action consistent with this opinion. Jurisdiction relinquished.

KELLY, J., files a dissenting opinion.

KELLY, Judge, dissenting:

Initially, I note my agreement with the majority that the instant appeal is from a final order. However, I disagree with the majority's conclusion that a trial court does not have the authority pursuant to Pa.R.C.P. 2959 to require appellants to post a bond as a prerequisite to granting their petition to open a judgment by confession.

I would find that the trial court was within its discretion to require appellants to post a bond as security for the payment of appellee's judgment. Pa.R.C.P. 2959 does not prohibit a court from imposing a bond as a requirement for proceedings with a Petition to Open Judgment.[1] In fact, existing case law provides authority for imposing a bond requirement under the circumstances found in this case. *See Britton v. Continental Mining & Smelting Corp.*, 366 Pa. 82, 76 A.2d 625 (1950).

In *Britton*, the plaintiff secured and attempted to enforce a default judgment against the defendant, an out-of-state entity. The defendant filed a petition to open judgment and the plaintiff appealed. The Pennsylvania Supreme Court affirmed the trial court's rule to open judgment but only after imposing a surety requirement on the defendant. In imposing this requirement, the court stated:

> [A]s the defendant, a foreign corporation, has apparently no assets within this state, the plaintiff is entitled to some protection in his right to collect his verdict if he obtains one. The opening of the judgment being entirely a matter of grace, should be further conditioned on the defendants entering security in such amount and with such surety as

---

1. Rule 2959, Explanatory Notes–1979, of the Pennsylvania Rules of Court (1991) refers to the Act of July 9, 1897, P.L. 237, 12 P.S. 911 which requires the posting of a bond in certain circumstances.

the court below shall direct. No doubt the court below would have so directed had it been so requested.

*Id.* at 86, 76 A.2d at 627.

The trial court in the instant case imposed a bond requirement upon appellants (who were not residents of, nor had any assets in, Pennsylvania) in order to provide some security to appellee. Thus, in accordance with *Britton, supra*, the trial court acted within its discretion when it imposed the bond requirement and properly directed that appellants' petition to open confessed judgment be struck if they failed to post the required bond. *See also Norristown Rug Mfg. Co. v. Mirabile*, 71 Montg. 222 (1953) (court required bond to open confessed judgment); *Maggs v. New Deal Lifetime Homes*, 12 Lycoming 143 (1971) (defendant's petition to open judgment was refused for failure to post bond prior to opening judgment). Hence, I dissent.