J-S20001-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

IN THE INTEREST OF: T.C., A MINOR  :  IN THE SUPERIOR COURT OF
                                          :          PENNSYLVANIA
                                          :

APPEAL OF: S.P., MOTHER  :
                                          :
                                          :
                                          :
                                          :
                                          :  No. 2712 EDA 2019

Appeal from the Order Entered September 20, 2019
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s):  CP-51-DP-0001518-2019

BEFORE:  SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY SHOGAN, J.:               **FILED JULY 06, 2020**

Appellant, S.P. ("Mother"), appeals from the shelter care order entered on September 20, 2019, concerning her minor son, T.C. ("Child"), who was born in July of 2019.  In the order, the trial court found that it was not currently in Child's best interests to be returned to his parents' house.[1]  The order also referred Child for a medical exam and skeletal scan.  After review, we conclude that the September 20, 2019 shelter care order is not appealable.  Accordingly, we are constrained to quash Mother's appeal.

The trial court summarized the background of this matter as follows:

> On September 19, 2019, the [Philadelphia] Department of Human Services [("DHS")] filed a petition seeking to obtain an Order for Protective Custody ("OPC") to remove Child from the

---

[1] J.C. ("Father") did not file an appeal from this order, nor did he participate in this appeal.

custody of his [p]arents.  Seventeen (17) months earlier, on April 27, 2018, DHS received a General Protective Services ("GPS") report in reference to … Child's older sibling [("Sibling"), who was born in April of 2018]. … Sibling had tested positive for marijuana at birth.  On July 27, 2018, DHS received a Child Protective Services ("CPS") report alleging the Sibling had been taken to St. Christopher's Children's Hospital, where it was determined that … Sibling had a fractured skull along with other serious injuries.  On July 30, 2018, DHS obtained an OPC for … Sibling.  On November 9, 2018, the trial court adjudicated … Sibling dependent and determined that … Sibling was the victim of child abuse perpetrated by [Mother and Father].  The evidence indicated that Sibling had suffered serious unexplained injuries, which included (1) a displaced parietal skull fracture; (2) subdural hematoma; (3) parenchymal hemorrhage; (4) swelling of the brain and (5) fractured ribs.  A detailed description of … Sibling's  injuries is contained in a Consultation Report dated July 24, 2018[.]  ... As stated, this evidence was also used to find [Mother and Father] to be the perpetrators of child abuse.  A finding of aggravated circumstances versus [Mother and Father] was also entered.  … Sibling was placed in foster care and remains in foster care under the jurisdiction of the trial court.

[Child] was born [in July of 2019].  On September 19, 2019, [DHS] requested an OPC for Child based on the abuse that … Sibling had suffered at the hands of [Mother and Father].  The underlying Application for Order for Protective Custody made a direct reference to the need for an OPC was based upon … Sibling's prior injuries.  The OPC also referenced that the trial court ordered that … Child be removed from [Mother and Father's] care based upon the findings in … Sibling's case. …

Trial Court Opinion, 1/17/20, at unnumbered 2-3.

A shelter care hearing was held on September 20, 2019.  Mother and Father were present and represented by counsel.  Child was represented by a guardian *ad litem* ("GAL").[2]  DHS presented the testimony of DHS social

---

[2] The Defender Association of Philadelphia Child Advocacy Unit was appointed GAL/counsel for Child on September 20, 2019.  Order Appointing Counsel, 9/20/19.

worker, Melinda Brown. Subsequent to the hearing, the court lifted the OPC and ordered Child's temporary commitment to DHS to remain in place. The trial court concluded that there was sufficient evidence presented that the return of Child to the parents was not in Child's best interests. The court further found that to allow Child to remain in the parents' home was contrary to Child's welfare, and that DHS made reasonable efforts to prevent removal. Lastly, at the request of the GAL, and over the objection of Mother, the court referred Child for a medical exam and skeletal scan. Shelter Care Order, 9/20/19; N.T., 9/20/19, at 14-16. In its opinion, the trial court provided the following reasoning:

> During the Shelter Care Hearing on September 20, 2019, the trial court correctly relied upon prognostic evidence regarding … Sibling and the [p]arents' history of abuse to determine that it would be contrary to the … Child's welfare that he remain in the home of Mother and Father. … DHS placed … Child with his [g]randparents, who live in the same neighborhood as the [p]arents. The evidence demonstrated that … DHS made reasonable efforts to prevent the removal of … Child and that the placement with the [g]randparents was appropriate. …
>
> The Superior Court of Pennsylvania, on multiple occasions, has held that prognostic evidence is admissible in dependency proceedings. In the Interest of R.W.J., 826 [A.2d 10] (Pa. Super. 2003), the Superior Court held that a trial court may adjudicate a child based on legitimate prognostic evidence that shows the safety of the child is in jeopardy. Consequently, in the instant case, the history of child abuse perpetrated by the [p]arents upon … Sibling justified the removal of … Child from the [p]arents' custody and use of this evidence was not an abuse of discretion by the trial court.

Trial Court Opinion, 1/17/20, at 3-4.

Thereafter, through appointed counsel, Mother filed an appeal on September 20, 2019, along with a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b). Without leave of court, Mother filed an amended concise statement of errors complained of on appeal on September 22, 2019.[3] Mother also filed a motion for reconsideration on September 22, 2019, which was denied on October 17, 2019, after a hearing.

Following the aforementioned shelter care hearing, DHS filed a dependency petition on September 23, 2019. After several continuances, an adjudicatory hearing was held on November 12, 2019, and the trial court entered an order adjudicating Child dependent and finding that it is in Child's best interests to be removed from his parents' home. Order of Adjudication and Disposition, 11/12/19.

Mother did not file an appeal from the November 12, 2019 order. Rather, as we noted above, Mother filed an appeal from the September 20, 2019 shelter care order, and she raised the following issues:

> 1. Whether the trial court erred as a matter of law or abused its discretion in finding that [DHS] met its burden to prove that [Child] should be removed from his parents' care.
>
> 2. Whether the trial court erred as a matter of law in making the pre-placement finding required by 23 Pa.C.S.A. § 6351(b)(2) of

---

[3] As the Pennsylvania Rules of Appellate Procedure do not provide for the filing of an amended or second concise statement absent leave of court, we do not consider this second statement. **Hess v. Fox Rothschild, LLP**, 925 A.2d 798, 802 n.2 (Pa. Super. 2007).

the Pennsylvania Juvenile Act, by determining that [DHS] made reasonable efforts to prevent or eliminate the need for the removal of [Child] from his parents' care.

3. The trial court erred as a matter of law and abused its discretion where it ordered that [Child] undergo a bone scan[.]

Mother's Brief at 3.[4]

Our standard of review is as follows:

[T]he standard of review in dependency cases requires an appellate court to accept the findings of fact and credibility determinations of the trial court if they are supported by the record, but does not require the appellate court to accept the lower court's inferences or conclusions of law. Accordingly, we review for an abuse of discretion.

*In re R.J.T.*, 9 A.3d 1179, 1190 (Pa. 2010) (citations omitted); *see also In re L.Z.*, 111 A.3d 1164, 1174 (Pa. 2015).

Prior to reaching the merits of Mother's issues, we must determine whether we have jurisdiction to decide the instant appeal. Specifically, we must assess whether the September 20, 2019 shelter care order is a final, appealable order. DHS, as well as Child's GAL, argue that the order in question

_____

[4] Although we conclude that the September 20, 2019 order is not an appealable order, we point out that Mother did not challenge the order for a bone scan in her original Rule 1925(b) statement. *See Krebs v. United Refining Co.*, 893 A.2d 776, 797 (Pa. Super. 2006) (stating that a failure to preserve issues by raising them both in the concise statement of errors complained of on appeal and statement of questions involved of the appellate brief results in a waiver of those issues).

is not final or otherwise appealable, *i.e.* as a collateral, order.[5]  DHS's Brief at 15-17; GAL's Brief at 12-17.  After review, we agree.

It is well settled that "[a]n appeal lies only from a final order, unless permitted by rule or statute." **Stewart v. Foxworth**, 65 A.3d 468, 471 (Pa. Super. 2013); **see also In the Interest of J.M.**, 219 A.3d 645, 650 (Pa. Super. 2019).  Generally, a final order is one that disposes of all claims and all parties.  Pa.R.A.P. 341(b).  However, in the context of dependency, we have stated as follows:

> "[D]ue to dependency's unique nature, the fact that further proceedings are contemplated is not dispositive of the finality of the order. **In the Interest of J.L.**, 216 A.3d 233, 2019 WL 3295100, at 3 n.1 (Pa. Super. 2019).  In the dependency context, the court "must examine the practical consequences of the order to determine if the party challenging it has effectively been put out of court." **In re Interest of M.B.**, 388 Pa. Super. 381, 565 A.2d 804, 806 (1989).

**J.M.**, 219 A.3d at 652.  Moreover:

> Based upon the two-step procedure contemplated by the Juvenile Act for declaring a child dependent (*i.e.*, an adjudication followed by a disposition, **see** 42 Pa.C.S. § 6341(c)), this Court has held that it is the dispositional order following a dependency adjudication that is a final appealable order. **In the Interest of C.A.M.**, 264 Pa. Super. 300, 399 A.2d 786 (1979).

**Id.**, at 651-652.

---

[5] DHS and the GAL argue that because the September 20, 2019 order is not final or otherwise appealable, Mother's appeal should be dismissed or quashed.  DHS' Brief at 17; GAL's Brief at 17.  Mother did not respond to these arguments.

Instantly, Mother's appeal is from the shelter care order, not a dispositional order subsequent to adjudication; therefore, it is not a final order. *J.M.*, 219 A.3d at 651-652. Therefore, we turn to whether the order in question is otherwise appealable.

An appeal may be taken from: an interlocutory order appealable by right; an interlocutory order appealable by permission; or from a collateral order. *J.M.*, 219 A.3d at 650 (citing Pa.R.A.P. 311, 312, and 313). Herein, we observe that the September 20, 2019 order is not an order delineated as an interlocutory order appealable by right pursuant to Pa.R.A.P. 311, and Mother did not seek permission to appeal the order pursuant to Pa.R.A.P. 312. Therefore, we examine whether it is a collateral order pursuant to Pa.R.A.P. 313.

"A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b); *J.M.*, 219 A.3d at 655; *In re J.S.C.*, 851 A.2d 189, 191 (Pa. Super. 2004). Critically, "[o]ur Supreme Court has directed that Rule 313 be interpreted narrowly so as not to swallow the general rule that only final orders are appealable as of right. To invoke the collateral order doctrine, each of the three prongs identified in the rule's definition must be clearly satisfied." *J.M.*, 219 A.3d at 655 (quoting *In re W.H.*, 25 A.3d 330, 335 (Pa. Super. 2011)).

Specifically, as to the first prong, we have stated:

[A]n order is separable from the main cause of action if it is entirely distinct from the underlying issue in the case and if it can be resolved without an analysis of the merits of the underlying dispute. [**K.C. v. L.A.**, 633 Pa. 722, 728, 128 A.3d 774, 778 (2015)] (citing **Commonwealth v. Blystone**, 632 Pa. 260, 119 A.3d 306, 312 (2015)); **see also Cohen v. Beneficial Indus. Loan Corp.**, 337 U.S. 541, 546-47, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) (We hold this order appealable because it is a final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it.); **Barak v. Karolizki**, 196 A.3d 208, 218 (Pa. Super. 2018) (citing **Ben v. Schwartz**, 556 Pa. 475, 729 A.2d 547, 552 (1999) (The element of separability requires that the merits of the appeal must be resolvable without analysis of the substantive claims in the underlying lawsuit.)).  Although [appellate courts] tolerate a degree of interrelatedness between merit issues and the question sought to be raised in the interlocutory appeal, the claim must nevertheless be conceptually distinct from the merits of plaintiff's claim.  **Blystone**, 119 A.3d at 312 (citation and quotation marks omitted).

One of the complications with the collateral order doctrine as applied to dependency matters is what precisely constitutes the main cause of action.  This Court has not been consistent with that determination.  In [**In re Tameka M**., 534 A.2d 782 (Pa. Super. 1987)], which is a child welfare agency's appeal from an order mandating that the agency reimburse the foster parents of a dependent child for preschool tuition, an *en banc* panel of this Court offered a narrow interpretation of the main cause of action. After reviewing the purposes behind the Juvenile Act, this Court concluded that the main cause of action consists of a dependency determination and disposition, a conclusion this Court believed was reinforced by the fact it is the dispositional order that constitutes a final, appealable order.  **Tameka M.**, 534 A.2d at 786.

**J.M.**, 219 A.3d at 655-656 (internal quotation marks omitted).

In the instant case, the September 20, 2019 shelter care order does not satisfy the first prong of the aforementioned test requiring that the order is

separable from and collateral to the main cause of action. Rather, the salient issue surrounding both the shelter care order and the subsequent adjudication of dependency is Child's best interests and whether those interests were served by Child's removal from his parents' home. Shelter Care Order, 9/20/19; Order of Adjudication and Disposition, 11/12/19. Accordingly, the September 20, 2019 order in question is not a collateral order, and it is not appealable.[6]

Moreover, even if we were to conclude that the September 20, 2019 order was appealable, Mother would not be entitled to relief. We note that both DHS and the GAL further assert that Mother's appeal is moot.[7] DHS's Brief at 13-15; GAL's Brief at 17-22. We likewise deem Mother's appeal moot. As noted, the certified record reflects that the trial court entered an order of adjudication and disposition on November 12, 2019, adjudicating Child dependent and finding it in Child's best interests to be removed from his

_____

[6] We recognize that the shelter care order also relayed that legal custody of Child was transferred to DHS. Shelter Care Order, 9/20/19. However, given the procedural posture of this case at the time the order was entered and pursuant to *J.M.*, we do not conclude that the custody language made the shelter care order appealable. The subsequent adjudication and dispositional order, which was the appealable order, specifically directed the transfer of legal custody to DHS. Order of Adjudication and Disposition, 11/12/19, at 2. Thus, the shelter care order did not put Mother out of court. Mother was not in jeopardy of losing her right to appeal the transfer of legal custody upon the entry of the shelter care order; it was the subsequent adjudication and dispositional order which made final and appealable, *inter alia*, the transfer of legal custody to DHS. *J.M.*, 219 A.3d at 655-656.

[7] Mother does not respond to this argument.

parents' home. Order of Adjudication and Disposition, 11/12/19. Mother did not appeal this order.

As a general rule,

an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot. An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law. In that case, an opinion of this Court is rendered advisory in nature. An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.

*In re D.A.*, 801 A.2d 614, 616 (Pa. Super. 2002).

The instant appeal presents a situation involving an intervening change in the factual posture of the case. After entry of the September 20, 2019 order, the trial court subsequently adjudicated Child dependent, with a contemporaneous dispositional order. No appeal was filed. Accordingly, the September 20, 2019 order is no longer in effect. Therefore, there is not a controversy. Now that Child had been adjudicated dependent with a disposition, there is no legal remedy for Mother concerning the September 20, 2019 order, and the issue is moot.

Based on all of the foregoing, we conclude that the September 20, 2019 order is not an appealable order. Accordingly, this Court lacks jurisdiction to consider Mother's claims, and the appeal must be quashed. Additionally, even were we to conclude that we have jurisdiction, we would conclude that Mother's claims are moot; accordingly, there is no controversy. For these

reasons, we quash Mother's appeal from the September 20, 2019 shelter care order.

Appeal quashed.

Judge Stabile joins this Memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/6/20